Searcy *vs.* Stubbs.

No. 70.—BENJAMIN R. SEARCY, plaintiff in error, *vs.* THOMAS P. STUBBS, receiver, &c. defendant.

[1.] Scott Cray was appointed receiver of the Ocmulgee Bank, and died without completing his trust. An action of debt had been brought by the said receiver in his lifetime, against Benjamin R. Searcy, and was pending at his death. Thomas P. Stubbs was appointed successor to Scott Cray : *Held*, that the suit did not abate upon the death of Cray ; but that the cause of action surviving, his successor was properly substituted as party plaintiff, by *scire facias*, in his stead.

[2.] Remedial Statutes, although *retrospective*, are not void, provided they do not impair contracts or disturb absolute vested rights, and only go to confirm rights already existing; and in furtherance of the remedy, by curing defects, and adding to the means of enforcing existing obligations.

Debt, &c. in Talbot Superior Court. Decision by Judge IVERSON. September Term, 1852.

Scott Cray, as the receiver of the Ocmulgee Bank of the State of Georgia, brought an action of debt against Benjamin R. Searcy. Scott Cray died, and Thomas P. Stubbs was appointed receiver in his stead, by the Superior Court of Bibb County. In answer to a *sci. fa.* to show cause why Stubbs should not be made a party, Searcy, by his counsel, contended :

1st. That the suit had abated, and the appointment of Stubbs was illegal.

2d. That the proper proceeding was by motion, and not by *sci. fa.*

The Court overruled the showing, and this decision is brought up for review.

L. B. SMITH and BENNING, for plaintiff in error.

E. WORRILL and B. HILL, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

There are two questions made upon the record. 1st. Did the suit abate upon the death of Scott Cray? 2dly. If it did not, was the appointment of Thomas P. Stubbs, in his stead, regular?

On both points, we are for affirming the judgment of the Circuit Court.

[1.] We should be inclined to hold, that under the Act of 1799, the action did not abate upon the death of Scott Cray, the plaintiff. He was but the nominal party. The usee was the Bank of Ocmulgee; the real plaintiff, the Justices of the Inferior Court of Baldwin County. A suit at the instance of a *feme covert*, through her trustee or next friend, never abates by the death of the nominal party; a successor is appointed and substituted in his place, and the action proceeds. I greatly doubt whether, under a fair construction of the Act of 1799, *any suit whatever*, should abate in this State, by the death of parties, where the cause of action survives. Such would be our opinion independently of the Act of 1842. And although that Statute is awkwardly framed, there can be no doubt as to the intention of the Legislature, that the action should not abate by the death of the agent appointed by the State to wind up the affairs of certain defaulting banks. *Cobb's New Dig.* 118. The first section of the Act, contemplates the appointment of *three* persons as receivers. The second section authorizes the Governor to appoint *one* only, should the *three* refuse to act. All the intermediate sections until we reach the 8th, look to the appointment of a *single* receiver. But the 8th contemplates a plurality of persons again, and provides " that all actions brought by said receivers, shall be in the name of said receivers ; and in case of the death of any one of said receivers before final judgment, said action shall not thereby abate, but shall proceed to judgment as if no such death had taken place."

But suppose the three competent persons contemplated by the first section, refuse to act, and a single individual only is appointed under the second section, as was the case here, a contingency which seems to have been overlooked in the 8th section, although expressly provided for in the second; and

suppose suit is instituted by him and he dies, was it the intention of the Legislature, to be gathered from the 8th section of this Act, that the action should die? We think not, most clearly; but that it should survive to the successor instead of to one or two of the surviving receivers, had three been appointed, and brought suit, and one or two of them had died.

[2.] But conceding that we are wrong in both these positions, the Act of 1851–2, is full, and covers the whole ground. (*See pamphlet Acts*, 23.) It recites the fact of the forfeiture of the charter of the Ocmulgee Bank; the appointment of Scott Cray as receiver; his death without having fully completed his trust; and authorizes the Superior Court of Bibb County, to appoint a successor, and declares expressly, "that in all cases of suit pending in Law or Equity in the Courts of said State, instituted by or against the said Scott Cray, as receiver as aforesaid, in behalf or against said bank, such suit or suits shall not abate; but the receiver appointed under the first section of this Act, shall, *on motion*, be made party plaintiff or defendant, (as the case may be) to the same, without delay, and the case or cases proceed."

It is conceded in the argument, that if this Act is constitutional, there is an end of the first objection. That it is so, there can be no reasonable doubt. Remedial Statutes are not inoperative, although of a retrospective nature, provided they do not impair contracts, *and only go to confirm rights already existing, and in furtherance of the remedy, by curing defects and adding to the means of enforcing existing obligations.* Underwood vs. Lilly, 10 Serg. and Rawle, 151. Tate vs. Stoolyfoos, 16 Ibid, 35. Bleakney vs. F. & M. Bank, 17 Ibid, 64. Hepburn vs. Curts, 7 Watts, 300. Foster vs. Essex Bank, 16 Mass. Rep. 245. Locke vs. Dane, 9 Ibid, 360. Oriental Bank vs. Freese, 18 Maine R. 109. Townsend vs. Townsend, 1 Peck Tenn. Rep. 16, 17. Ibid, 266. State vs. Bermudes, 12 Lou. Rep. 355. Patin vs. Prejeon, 7 Louisiana Rep. 301. Butler vs. Palmer, 1 Hill, 325. Sturges vs. Crowninshield, 4 Wheaton, 200, 207. Mason vs. Hale, 12 Wheat. 378.

In *Oriental Bank vs. Freese*, 18 Maine, (6 Shepley,) 109, the

Court say, in answer to the objection that the Legislature cannot rightfully pass a law which operates retrospectively, " our Constitution carefully guards the right of private property, and provides that it shall not be taken from any one, unless the public exigencies require it. This does not, however, prohibit the Legislature from passing such laws as act retrospectively, not on the right of property or obligation of the contract, but only upon the remedy which the laws afford, to protect or enforce them."

And, in *The People vs. Livingston,* 6 *Wend.* 526, the Superior Court of New York say: "As it is undoubtedly competent for the Legislature to repeal absolutely, so it is competent, notwithstanding the repeal, to continue the old law in force, as to proceedings commenced under it ; *to substitute another law in place of the old one ; and to direct, that all future proceedings in the progress of a cause, or the prosecution of a right, shall be governed by such new law.*"

But it is assigned as error that the substitution was made by *scire facias,* and not on motion. What right has the defendant to complain of this mere formal procedure ? The Act itself provides, that it may be done *on motion,* in order to expedite the proceeding. But this is for the benefit of the plaintiff; and while it enacts that it shall be done in this way, it does not inhibit it being done in any other way. The remedy in this respect is cumulative.

Judgment affirmed.