SEABOARD AIR-LINE RAILWAY COMPANY *v.* BENTON.

492

No. 8623. April 13, 1932.
Adhered to on rehearing, September 27, 1932.

*John B. Gamble* and *R. H. Kimball,* for plaintiff in error.

*Harwell, Fairman & Barrett, Shackelford & Shackelford,* and *Richard B. Russell Jr.,* contra.

Gilbert, J.  A motor-truck belonging to Bunch, which was being driven by Benton, was struck, on February 4, 1928, by a train of the railway company on a grade crossing in the incorporated town of Statham.  Benton, the driver of the truck, and McLeskey, the locomotive engineer, lost their lives in the accident.  Mrs. Benton, widow of the truck-driver, sued the railway company for damages because of the homicide of her husband, and obtained a judgment for $11,000, which was affirmed by the Court of Appeals.  The case is here on writ of certiorari.  The respondent moved to dismiss the writ as having been improvidently granted, insisting that this is an ordinary suit for damages, not involving any question of gravity or general public concern.  This case was decided here on April 13, 1932.  A motion for rehearing was filed on April 22.  After further consideration a rehearing was granted.  The judgment had been reversed upon a single point, where a number of legal questions had been raised in the petition for certiorari.  All of these legal questions, except one, had been decided adversely to the petitioning railway company.  The sufficiency of the evidence to support the verdict was not decided.  It is a general rule in this court not to do so where a case is remanded for another hearing because of errors of law.  The question upon which the reversal of the judgment was based was not treated in the opinion as fully as we think it should have been.  The rehearing was granted and the opinion withdrawn for the

purpose of affording an opportunity of going into the question anew, and for further consideration of the authorities on that question.

■ The motion to dismiss is denied. The authorities cited for dismissal are not overlooked. The judgment denying the motion in no way conflicts. The petition for certiorari was granted for the purpose of reviewing especially two grounds stated in the petition. One ground complains that the court permitted, over objection of defendant's counsel, the reading of the act of 1929 (Ga. Laws 1929, p. 315), which was enacted subsequently to the time when the injury occurred and the cause of action arose, and the other complains that the Court of Appeals erred in affirming the judgment of the trial court overruling the grounds of demurrer attacking the allegations of the petition with reference to the failure of the locomotive engineer to check the speed of the train and to blow the whistle and ring the bell of the locomotive in approaching a crossing within the town of Statham; and in holding, that, "independently of the provisions of the statute regulating the operation of railroad-trains in approaching public crossings, there rests upon the railroad company a duty to exercise ordinary care, and a failure of the servants of a railroad company operating its train to give any signal by bell, whistle, or otherwise, or to check the speed of the train on approaching, might, in the opinion of the jury, constitute actual negligence, in the light of the surrounding facts and circumstances." We have carefully considered all of the grounds of the petition for certiorari, but do not deem it necessary or useful to make mention of them further than to say that the opinion rendered by the Court of Appeals on all of these issues is approved, with the exception of those mentioned hereinafter.

■ Subsequently to the grant of a rehearing a request was made of the court for permission to file a brief amicus curiæ on the twelfth ground of the petition for certiorari; and the request was granted. We adhere to the judgment of affirmance of that ground, then rendered; but in order to avoid misunderstanding of what is now actually ruled we deem it necessary to be specific as to what is now ruled. We merely hold that the Court of Appeals did not err in holding that the trial court did not err in failing to charge the provisions of either the act of 1910 (Ga. Laws 1910, p. 96) or the

act of 1921 (Ga. Laws 1921, p. 255). That was the specific assignment of error in that ground of the petition for certiorari. The Court of Appeals in deciding that question said: "It would therefore seem that the entire legislation embodied in the acts of 1910 and 1921, governing the operation of automobiles on public highways, was covered and superseded by the acts of 1925 and 1927, except as to railroad-crossings in municipalities, which might be and were intended to be regulated by municipal ordinance." We do not deem it necessary for this court to decide whether or not the acts of 1910 and 1921, governing the operation of automobiles on public highways, was covered or repealed by the acts of 1925 and 1927. It is sufficient for the purposes of the present case to hold that it was not error for the court to fail to charge on that subject, in the absence of a timely written request. This is particularly true in view of other portions of the charge. When the charge is construed in its entirety, the judgment of the Court of Appeals is not erroneous. If counsel had presented that question by proper written request containing the precise proposition which it was desired that the court should present to the jury, then it would be necessary to decide the question.

■ One ground of the petition for certiorari complains that the Court of Appeals erred in affirming the judgment of the trial court in holding that the fourth and fifth grounds of the motion for new trial did not show reversible error. The fourth ground complains that the court erred in refusing, on motion of the defendant's counsel, to have the jury retire when the plaintiff's counsel, after the case had been closed, and in opening his argument to the jury, began to read to the court, in the presence of the jury, the act approved August 24, 1929 (Ga. L. 1929, p. 315), where it is provided, that, "in all actions against railroad companies for damages done to persons or property, proof of injury inflicted by the running of locomotives or cars of such company shall be prima facie evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury." Counsel contend that the court did not charge that statute to the jury, and to permit it being read in the presence of the jury was "improper and highly prejudicial to the defendant;" that the court did not instruct the jury that the act so read was not applicable to the case and that they should not give it consideration in passing upon the issues;

and that the language used by the court "conveyed the impression upon the minds of the jurors trying the case that it was applicable to the facts." In the fifth ground, which refers to the same incident and may be considered together with the fourth ground, error is assigned on the refusal of the court to declare a mistrial because of the reading of the act of 1929, as stated above. Counsel moving for a mistrial urged to the court that the statute provided that certain acts done in the operation of trains "shall be prima facie evidence of the want of reasonable skill and care on the part of the servants of the company." This ground of the motion sets out the ruling of the court and the colloquy between court and counsel for the plaintiff, as follows: "'The court refuses the motion to declare a mistrial, because the court is not bound by all of the various laws either the plaintiff or defendant's counsel reads to the court, and counsel for plaintiff contended that was the rule of evidence, but whether or not the court agrees with him the court don't state.' Plaintiff's counsel . . then stated to the court: 'Why, if your honor please, we contend it's the rule of evidence and could be properly used in this case.' To which the court stated, in the presence and hearing of the jury: 'Yes, the court is not bound by all the various laws read either by plaintiff or defendant's counsel.'" It is insisted that these rulings were prejudicial to the defendant; that the court, having failed to instruct the jury not to consider the provisions of the act, left the jury free to accept its terms as being the law applicable to the case; and that the court, having expressly stated, "but whether or not the court agrees with him the court don't state," emphasized the act and left the jury free to apply the harsh prima facie provision, and this notwithstanding the fact that the statute had not been enacted and was not a rule of evidence of force at the time the fatal injury occurred for which the action was brought.

On the facts the case was an exceedingly close one. We do not overlook the fact that on two trials juries have returned verdicts in favor of the plaintiff. After the first trial a new trial was granted by the trial judge, because of errors committed by the court. We are now dealing with the motion for a second new trial. It is true that under the general rule presiding judges are and of necessity must be allowed the exercise of discretion on practice questions, such as sending the jury from the court-room or refusing so to

do, as justice may require. In such matters, as in all others, caution must be exercised not to permit serious injury to either party. The Court of Appeals merely held that the trial court did not abuse its discretion in declining to send the jury from the court-room, and also held that the court did not abuse its discretion in refusing, on motion of counsel for defendant, to declare a mistrial. We think the court erred, and will undertake to give our reasons. Civil Code (1910) § 6 is as follows: "Laws prescribe only for the future; they can not impair the obligation of contracts, nor generally have a retrospective operation. Laws looking only to the remedy or mode of trial may apply to contracts, rights, and offenses entered into or accrued or committed prior to their passage; but in every case a reasonable time subsequent to the passage of the statute should be allowed for the citizen to enforce his contract, or protect his right." There is no question here of the impairment of the obligation of contract. No constitutional question is raised, and therefore none decided. The precise question is whether, under the facts stated in the ground of the motion and set forth in the petition for certiorari, the court erred in permitting counsel, over objection and over a motion for mistrial, to read to the court in the presence of the jury portions of the act of 1929 (Ga. Laws 1929 p. 315), which was enacted subsequently to the time when the injury occurred which is alleged to be the cause of action in the case, and, after having permitted the reading of the statute, erred in the refusal to grant a mistrial. That question depends upon whether the act applies to the future only or to past causes of action as well. The code section quoted provides "Laws prescribe only for the future." Courts look to the rules of construction made by law to find what is the proper construction of statutes, whenever such aid is provided. Where the statutes on the question of construction have themselves been construed by the courts, we look to what has been ruled by the courts for further aid.

In *Mayor &c. of Savannah* v. *Hartridge, 8 Ga.* 23 (9), this court said: "Retrospective statutes are forbidden by the first principles of justice." And in the opinion this court elaborated as follows: "The law is made by the legislature, but applied by the courts. The law prescribes a new rule for new controversies, but never interferes with the past or the present, because no rule of conduct can, with consistency, operate upon what occurred before the rule itself

was. promulgated." In *Redd* v. *Hargroves*, 40 *Ga.* 18, this court dealt with a statute passed in the year 1859, where it was sought to apply that statute to the construction and operation of a will which had been executed by the testator several years prior to the passage of the act. The act declared "that *from and after the passage of this act* any and every clause in a deed, will, or other instrument, made for the purpose of conferring freedom on slaves directly or indirectly, within or without the State, to take effect after the death of the owner, shall be absolutely void." This court said: "At the time the will was executed it was a lawful and valid will under the then existing laws of this State. Did the act of 1859 have a retrospective operation so as to defeat the *legal* expressed intention of the testator as contained in his will of 1852, so as to revoke the same without any act on his part? In our judgment the act of 1859 did not, and could not, upon any sound principle of construction have that effect. All laws (says Blackstone) should be made to commence *in futuro,* and be notified before their commencement, which is implied in the term *'prescribed.'* 1st Blackstone Commentaries, 46. Laws prescribe only for the future; they can not impair the obligation of contracts, nor generally have a *retrospective operation.* Code, section 6. Besides, the act of 1859, by its express terms, was not to take effect until *from and after its passage."* The act of 1929, with which we are dealing, does not, like the act of 1859, expressly provide that it shall take effect "from and after is passage." It merely declares: "Be it enacted . . and it is hereby enacted," etc. As a matter of law it became effective on the approval of the Governor. In *Moore* v. *Gill,* 43 *Ga.* 388, this court, dealing with the proper construction of an act of the General Assembly on the question of whether it had retrospective operation, declared: "The settled rule for the construction of statutes is not to give them a retrospective operation, unless the language so imperatively requires." Numerous authorities might be cited to the same effect. It is sufficient to say that, in this State at least, the principle just announced was firmly established early in the history of this court and has been adhered to in a number of decisions. We therefore content ourselves on that question with the mention of the following additional authorities. In *Bussey.* v. *Bishop,* 169 *Ga.* 251. (150 S. E. 78, 67 A. L. R. 287), dealing with the question of the statute of limitation, it was ruled as follows:

"Unless a statute of limitations expressly or by necessary implication is made applicable to causes of action already barred when it is passed, it will not be held to apply thereto." And in a carefully written opinion by the late Mr. Justice Hines some of the authorities which we have quoted above were cited. In *Bank of Norman Park* v. *Colquitt County*, 169 Ga. 534 (150 S. E. 841), this court said: "Laws prescribe only for the future, . . and retrospective statutes are forbidden by the first principles of justice. The settled rule for the construction of statutes is not to give them a retrospective operation, unless the language so imperatively requires." In the opinion that ruling was fortified by decisions of this court and by the constitution of the State of Georgia. By reason of the authorities cited above, this court feels bound to construe the statute of 1929 as applicable only to the future, and not to suits pending at the time of its passage, for the recovery of damages where the injury occurred previously. That would be true whether the act of 1929 is construed to be a remedial act or a rule of evidence, or whatever its nature. It is an unquestioned truth that "Laws looking only to the remedy or mode of trial *may* apply to contracts, rights, and offenses entered into or accrued or committed prior to their passage." Such are the terms of the Code of Georgia quoted above. The authorities, both within this State and out of the State, so far as we know, uniformly so hold. Assuming that the statute is remedial, and falling within Code § 6, the legislature could have made it retroactive. In fact it did not do so. It is at least doubtful whether the act in this case can be construed as looking "only to the remedy or mode of trial." It seems to be more than a mere remedial act or rule of evidence.

The Court of Appeals held that the act was remedial in its nature, citing *Searcy* v. *Stubbs*, 12 Ga. 437. In that case this court said: "Remedial statutes are not inoperative, although of a retrospective nature, provided they do not impair contracts, and only go to confirm rights already existing, and in furtherance of the remedy, by curing defects and adding to the means of enforcing existing obligations," citing a large number of authorities. See also 25 R. C. L. 765, § 13, where it is said: "A remedial statute, according to Blackstone (1 Bl. Com. 86), is one which supplies defects, and abridges superfluities, in the former law. This is done by enlarging or restraining statutes." And again (p. 791, § 38) it is stated:

"Statutes relating to procedure or legal remedies are undoubtedly within the general rule against retrospective construction where the effect of giving them a retroactive operation will be to impair the obligation of contracts or to disturb vested rights. But the rule does not prevent the application of statutes to proceedings pending at the time of their enactment, where they neither create new, nor take away vested, rights. When a new statute deals with procedure only, prima facie it applies to all actions—those which have accrued or are pending and future actions. A law prescribing the form of pleadings will apply to all pleadings filed after its enactment, although the action is begun before that time. . . Statutes·which simply declare a rule of evidence, without creating new rights nor taking away vested ones, are not within the rule against retrospective operation. But while the rules of evidence may be changed by legislative enactment, yet if, by giving a retrospective operation to a statute passed for that purpose, it would divest any right of property that had already accrued, it should be construed to operate prospectively only, if at all." See Bouvier's Law Dictionary, Baldwin's Century ed. 1044. In *Jones* v. *Oemler*, 110 *Ga.* 202 (35 S. E. 375), this court construed a statute with reference to whether or not it was merely a rule of evidence. By a previous statute with reference to oyster-beds on the coast of Georgia it was declared that a specified chart made and published by the "United States Geodetic Survey" should be *conclusive* evidence of the location of natural oyster-beds upon the coast of Georgia. Subsequently another statute was passed striking the word "conclusive," so that thereafter the chart mentioned was evidence, but not conclusive evidence. Litigation ensued in which it became necessary for the court to decide whether the last-named statute, repealing the "conclusive" provision, simply laid down a rule of evidence. In the opinion the court held: "In fact the provision of the act of 1891 does more than simply lay down a rule of evidence." It was further declared: "We dare say that no respectable authority can be found in this country for the proposition that such a law, whether called a remedial statute, or a statute upon the admissibility of testimony in causes, could be retroactive, and could be so applied as to defeat the vested rights of a citizen."

In *Seaboard Air-Line Ry. Co.* v. *Fountain,* 173 *Ga.* 593 (2b) (160 S. E. 789), this court construed the act of 1929 as follows:

"The provision of this statute which makes proof of injury inflicted by the running of locomotives or cars of a railway company prima facie evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury casts upon the railway company the burden of the duty of producing some evidence to the contrary; and when that is done the inference is at an end, and the question of negligence is one for the jury from all the evidence." Thus this court has declared that under the provisions of that act the infliction of injury in the manner stated in the act amounts to evidence under certain circumstances until rebuttal evidence has been introduced. In the *Fountain* case it was said: "It is a well-settled general rule that when a statute has been adopted from another State, the judicial construction already placed thereon by the highest court of the jurisdiction from which it is taken accompanies it, and is treated as incorporated therein." That may be sound, as a general rule, but it is a very broad statement. The writer concurred in the majority opinion, but only as applied to the issues involved. On the broad question of constitutionality it was highly persuasive; but the General Assembly can not, in law, be held to have actually known, when enacting our statute, how the Supreme Court of Mississippi construed the question now before this court. The General Assembly of Georgia could easily have used words which would "imperatively" require a retrospective operation. This they did not do. Finally the rule can not be applied in this State where the Code itself and numerous decisions of this court compel us to so construe the statute as to confine its operation to the future. Counsel for respondent in certiorari argue that the decision in *Seaboard Air-Line Ry. Co.* v. *Fountain* was rendered subsequently to the trial of this case, and therefore that decision is not applicable. We do not think that position is tenable. Of course the trial judge did not have the benefit of the decision in the *Fountain* case, but that decision is applied to this case solely for the purpose of throwing light upon the true intent and meaning of the act of 1929. That act was before the trial judge, and the necessity was upon him to construe it with reference to whether or not it was applicable to the case on trial.

Prior to the passage of the act of 1929 on the trial of a case like this there was no burden of proof placed upon the railroad company merely because of damage done to persons or property by proof of

injury inflicted by the running of locomotives or cars of such company. In other words, before the passage of the act the mere proof of the injury did not constitute prima facie evidence of the want of reasonable skill and care on the part of the servants of the company. The act of 1929 created that status—a very real and valuable right. It made the proof of such injury prima facie evidence. The injury had occurred prior to enactment of the statute, and the status of the parties with reference to liability had become fixed. It was necessary to show negligence. Then the law supplied what otherwise must have been shown by plaintiff. The law gave to the plaintiff a valuable right, and took away from the defendant the corresponding right. After passage of the act, and injury shown, the law placed a "burden" of proof on the defendant to rebut the legal presumption. However just and proper the statute is, can it be said that the passage of the act of 1929 did not affect the vested rights of the defendant railroad company? How can it be said that its legal rights before the courts stood the same whether the act of 1929 was invoked or not. We have shown, from the early case of *Mayor &c. of Savannah* v. *Hartridge,* supra, that statutes passed by the General Assembly will be so construed as to prescribe for new controversies, but never to interfere with the past or present, because no rule of conduct can, with consistency, operate upon what occurred before the rule itself was promulgated. One moving reason to the grant of a rehearing was the point made in the motion that the court had overlooked the cases of Easterling Lumber Co. *v.* Pierce, 235 U. S. 380 (35 Sup. Ct. 133, 59 L. ed. 279), Luria *v.* United States, 231 U. S. 9 (34 Sup. Ct. 10, 58 L. ed. 101), Mobile &c. R. Co. *v.* Turnipseed, 219 U. S. 35, 42 (31 Sup. Ct. 136, 55 L. ed. 78, 32 L. R. A. (N. S.) 226, Ann. Cas. 1912A, 463), and Reitler *v.* Harris, 223 U. S. 437, 441 (32 Sup. Ct. 248, 56 L. ed. 497). Those decisions dealt with constitutional questions with which we have at present no concern. They did not deal with the questions with which we are dealing. We are not dealing with the questions therein decided.

This opinion might be extended to much greater length, but we feel sure that the extra length would not add sufficiently to the merits of the discussion to warrant its extension. For these reasons the judgment formerly rendered is adhered to.

*Judgment reversed. All the Justices concur, except Russell, C. J., disqualified, and Bell, J., not participating.*