## 22414. PHILLIPS v. RAWLS.

JENKINS, P. J. 1. A distress warrant is a final process until arrested by counter-affidavit and replevy bond. *Gober* v. *Barry*, 4 *Ga. App.* 4, 6 (60 S. E. 807). But when the defendant replevies the property the levy becomes functus, and the proceeding is converted into an ordinary action for rent, with the bond standing as security in the event of a judgment for the plaintiff. If the counter-affidavit is dismissed, the distress warrant at once becomes again operative as final process. *Griggs* v. *Wilbanks*, 96 *Ga.* 744 (22 S. E. 327). But when it stands and the property is released under the affidavit and bond, the question of lien is not involved, and the plaintiff's recourse at the end of the suit will be upon his judgment on the bond. *Rountree* v. *Rutherford*, 65 *Ga.* 444 (2); *Davis* v. *DeVaughn*, 7 *Ga. App.* 324, 326 (66 S. E. 956); *Andrews* v. *Sims*, 27 *Ga. App.* 338 (108 S. E. 258). Accordingly, where, as in the instant case, the defendant filed a counter-affidavit denying that the sum distrained for was due, and executed bond as required by the Civil Code (1910), § 5391, for the eventual condemnation money, replevying the property, on the trial of the distress warrant proceeding the question of whether or not the landlord's lien might be enforced against crops grown on the rented premises, which the defendant alleged and testified had been made "with money expended by him which he received from the Federal government as a war-risk veteran under the acts of Congress," was in no wise involved, the only question at issue being whether or not the defendant owed the rent distrained for.

2. The superior court is a court of general jurisdiction, and has concurrent jurisdiction with the justices' courts in all civil cases where the amount involved is less than $100. *McDonald* v. *Feagin*, 43 *Ga.* 360; Civil Code (1910), §§ 4849, 6512. Accordingly, the court did not err in overruling the motion to quash the instant distress warrant, and in overruling the motion to remand it to the justice's court, both based on the ground that the amount distrained for was less than $100. Moreover, it indisputably appears that the amount of the rent distrained for was due and owing by the defendant, who had executed a note for the rent of the premises involved, and the refusal of the court to remand the proceeding to the justice's court could not have been harmful to the defendant, inasmuch as a finding against him was demanded.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED DECEMBER 23, 1932.

*W. I. Geer,* for plaintiff in error. *P. Z. Geer,* contra.