23013. TURMAN v. MABRY et al.

QUILLIAN, Justice. The Court of Appeals, in case number 41288, certified the following questions to this court:

"Was a deed of real property set apart by a judgment of the court of ordinary in 1925 as year's support for a widow and minor children, executed by the widow in 1942 without the approval of the court of ordinary, binding and conclusive on the children, who had attained majority at the time the deed was executed by the widow?

"(a) Was the provision of Section 3 of the Act approved March 12, 1937 (Ga. L. 1937, p. 861; *Code Ann.* § 113-1025), requiring approval of the ordinary for the conveyance or encumbrance of property set apart as year's support for a widow and children, intended by the legislature to apply to the conveyance of property set apart as year's support prior to the passage of the Act?

"(b) If the answer to the above question (a) is in the affirmative, did the 1937 Act, supra, affect vested substantive rights which the widow had in the property prior to the passage of the Act, or did the Act affect only a remedy so that its retroactive operation would not offend Article I, Section III, Paragraph II of the Constitution of the State of Georgia (*Code Ann.* § 2-302) and § 102-104 of the Georgia Code of 1933?" *Held:*

The main question is answered in the affirmative. Question (a) is answered in the negative. No answer is required for question (b).

The right of the widow to sell the property set aside to her and her children as a year's support under *Code Ch.* 113-10, prior to the enactment of Ga. L. 1937, p. 861 (*Code Ann.*

§ 113-1025), is a valuable property right. *Whitt v. Ketchum,* 84 Ga. 128 (10 SE 503); *Swain v. Stewart,* 98 Ga. 366, 368 (25 SE 831); *Miller v. Miller,* 105 Ga. 305 (3) (31 SE 186); *Boozer v. Nash,* 120 Ga. 406, 407 (47 SE 908); *Bridges v. Barbree,* 127 Ga. 679, 681 (56 SE 1025); *Moore v. Pittman,* 185 Ga. 619, 621 (1c) (196 SE 50); *Planters Cotton Oil Co. v. McCurley,* 199 Ga. 104, 107 (2) (33 SE2d 270); *King v. King,* 203 Ga. 811, 816 (1) (48 SE2d 465, 2 ALR2d 1181). The Act of 1937 is not, as contended by the plaintiff in error, merely remedial in its operation. A remedial Act serves to change the method or procedure through which a right may be asserted or enforced, the modus operandi, but does not divest, curtail or prevent the enjoyment of a valid vested property right of one coming within the orbit of its operation. *Searcy v. Stubbs,* 12 Ga. 437, 439; *Darby v. Cook,* 201 Ga. 309, 310 (39 SE2d 665). Since to give a statute affecting substantial rights a retroactive application would violate the constitutional prohibition against retroactive laws, Art. I, Sec. III, Par. II of the Georgia Constitution (*Code Ann.* § 2-302), the rule is applicable: "every law must be given an interpretation, if its terms will permit, that renders it valid rather than invalid." *Hill v. Busbia,* 217 Ga. 781, 782 (125 SE2d 34). Hence, we construe the legislative intent to make the Act of 1937 applicable only where the award of a year's support was made subsequent to the passage of the Act.

*Questions answered. All the Justices concur.*

Argued June 14, 1965—Decided July 8, 1965.

*Marshall L. Allison,* for plaintiff in error.

*Andrew J. Hill, Jr., Clete D. Johnson, Heard & Leverett, E. Freeman Leverett,* contra.