## 32059. ECHOLS v. BRIDGES.

BOWLES, Justice.

The appeal to this court is from the Superior Court of Oglethorpe County entering judgment, probating in solemn form the will of Pearl E. Watkins, deceased, based on an application to probate by J. P. Bridges, the named executor. The judgment was based on a jury verdict following the trial of the case in the superior court, which had been appealed from the probate court of that county.

The sole issue raised by the appeal is whether or not the superior court judge erred when it limited the jury on their consideration of the case to the issue of whether Pearl Watkins, at the time of making the will, was of

sound and disposing mind and memory, and in refusing to submit to the jury the issue of undue influence. The facts are simple. After the appeal was docketed in the superior court, the judge of that court entered a written pre-trial order, prior to the trial date, in which counsel participated. Copies were distributed to counsel, which included a statement of issues as follows: "Mental incapacity at the time of execution of the will, and undue influence at the time of the making of the will *provided this was brought up in the court below.*" (Emphasis supplied.) The record does not disclose that counsel for the caveator requested any amendment of that order at any time from the date of its issue through the completion of the trial. The record submitted to this court on appeal here, fails to include the original application to probate in the probate court, and also fails to include the caveat filed by the caveator. The transcript of the evidence introduced in the probate court is a part of the record sent to this court by the superior court. Evidence was introduced by both propounder and caveator. Upon conclusion of the evidence the judge charged the jury, in part as follows: "The ground of the caveat and the sole ground in this case is as follows, ladies and gentlemen. At the time said pretended will was executed, the said Pearl E. Watkins was not of sound and disposing mind and memory. Now that is what the caveator, J. D. Echols, says. The burden will be upon him to prove that by a preponderance of the evidence. This is the issue and the only issue that you are to decide in this case. It is stipulated that it is not necessary, as I state, that the pleadings go out with you because the issues have been thoroughly presented by able counsel for both parties in this case."

Upon conclusion of the charge counsel for the caveator excepted to this charge saying that mental capacity was not the only issue and contending that there was another issue of whether or not the will was freely and voluntarily made. Caveator also objected at the time of the verdict saying, "We say also that the other element of acting freely and voluntary should have been included there." The trial judge allowed the charge to stand as given deciding that the parties had had a pre-trial conference and agreed that the sole issue was mental

capacity at the time of execution of the will and undue influence at the time of the making of the will *providing this was brought up in the court below*. The trial judge also concluded that he had made a thorough search of this case and did not find "undue influence" having been brought up in the probate court. No error is assigned on the pre-trial order concerning the issues to be tried, and no error is assigned on any ruling in regard to evidence introduced or denied.

Thus, the principal issue is whether or not the trial court erred in limiting the jury in their consideration of the case to the issue of mental capacity or incapacity at the time of execution of the will as set out in the pre-trial order.

The pre-trial procedure and formulating of the issues is expressly set forth in Section 81A-116 of the Civil Practice Act. Two of the principal benefits of a pre-trial order are the simplification of the issues and the limiting of the issues for trial. The Act expressly provides, "such order, when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice."

The applicable rule was stated in the case of *Cooper v. Rosser,* 232 Ga. 597 (207 SE2d 513) (1974) as follows: "A pre-trial order should be liberally construed to allow the consideration of all questions fairly within the ambit of contested issues. Where the question of precluding issues is raised, the matter is within the discretion of the trial judge. Where, as here, there can be no viable claim of surprise or unfairness of the court's consideration of the issue involved in the ruling, we will not conclude that the court abused its discretion under the pre-trial order . . ."

Appellant not having filed any timely motion to amend the pre-trial order, and having waited until the jury had been charged to raise an objection to the sufficiency of the charge, waits too late to complain. See *Ambler v. Archer,* 230 Ga. 281 (196 SE2d 858) (1973). See also *Milton Inn, Inc. v. Spiva,* 138 Ga. App. 843 (227 SE2d 525) (1976) and *Dumas v. Beasley,* 218 Ga. 349 (128 SE2d 59) (1962).

Appellant cites and relies on *Mathews v. Mathews,* 136 Ga. App. 833 (222 SE2d 609), holding in effect that an appeal from the probate court to the superior court places

the matter in the latter court for a "de novo" investigation, and that all competent evidence and all issues in the case which could have been presented to the probate court could be presented and tried in the superior court "de novo." The decision states a correct principle of law but is not controlling here. Once a case is appealed to the superior court, the judge of that court can enter an appropriate pre-trial order defining and limiting the issues and the parties having knowledge of the order are bound thereby unless they file a timely motion to amend. Otherwise counsel could not adequately prepare their cases for trial.

We conclude that an appropriate pre-trial order was entered in this case, limiting the issues to be submitted to the jury and the trial judge did not abuse his discretion in determining that the only issue to be presented was that of testamentary capacity or incapacity.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 15, 1977 — DECIDED MAY 13, 1977.

*J. T. Middlebrooks, Guy B. Scott, Jr.,* for appellant.
*James Hudson,* for appellee.