### 67794. WILLIAMS v. CALLOWAY.

CARLEY, Judge.

Appellee petitioned the probate court, seeking appointment as administrator of his deceased wife's estate. Appellant, who is the

mother of the deceased, filed an objection to the appointment. The probate court appointed appellee to be administrator of the estate, and appellant appealed that ruling to the superior court. When the case was called for trial in the superior court, appellee failed to appear, and appellant obtained a default judgment. Thereafter, appellee moved to have the default judgment set aside. That motion was granted. A trial on the merits resulted in a judgment in favor of appellee, and appellant appeals.

1. Appellant asserts that the granting of appellee's motion to set aside the default judgment was erroneous because the requirements of OCGA § 9-11-60 (d) were not met. That provision permits a judgment to be set aside where a nonamendable defect appears on the face of the record or pleadings, or where there is a jurisdictional defect. The alleged defect in the instant case was appellee's lack of notice as to the trial date. However, the case appeared on a published trial calendar.

"[N]otice of trial by publication of the court calendar is adequate notice pursuant to [OCGA § 9-11-40 (c)]; however, . . . where a complaint is dismissed for failure to prosecute, the trial court has discretionary authority to set aside the judgment. *Spyropoulos v. John Linard Estate*, 243 Ga. 518 [(255 SE2d 40)] (1979)." *First Nat. Bank of Chattooga County v. Gorlin*, 243 Ga. 707, 708 (256 SE2d 450) (1979). This rule applies when a default judgment has been entered because one of the parties failed to appear for trial. *Marshall v. York*, 165 Ga. App. 795 (302 SE2d 711) (1983).

" '(T)he trial court must exercise its discretion in determining "whether under all the circumstances of the case" a judgment should be set aside where obtained in the absence of the party or his counsel who contends he had no knowledge of the publication of the calendar or other notice of the calendar. [Cit.]' [Cit.]" *Glennco v. Silver Shoes*, 164 Ga. App. 30, 31 (295 SE2d 357) (1982). In the case at bar, counsel for appellee had requested and received permission from the court to withdraw from the case shortly before trial. The published calendar listed appellee's former attorney as counsel of record. There was nothing to indicate that the former attorney had informed appellee of the trial date, or that appellee was personally aware of it. All that appears from the record is that notice of the trial date was mailed to appellee personally on the day *after* the default judgment had been entered. The trial court fully considered these circumstances in deciding to set aside the default judgment, and it cannot be said that its determination constituted an abuse of discretion. Accordingly, we find no error. See *Marshall v. York*, supra; *Hancock v. Oates*, 244 Ga. 175 (259 SE2d 437) (1979). Compare *Havlik v. Tuftcraft, Inc.*, 162 Ga. App. 180 (290 SE2d 524) (1982); *East India Co. v. Marsh & McLennan, Inc.*, 160 Ga. App. 529 (287 SE2d 574) (1981).

2. The default judgment obtained by appellant expressly denied appellee the right to administer his late wife's estate or to inherit therefrom. When that judgment was set aside, the court's order specified that the issue of administration was reopened for further consideration. However, that portion of the judgment relating to the issue of inheritance was set aside altogether, on the ground that the superior court had no authority to consider that issue under the circumstances of the case. Appellant enumerates as error the trial court's preclusion from consideration of the inheritance issue.

An appeal to the superior court from the probate court is a de novo investigation. OCGA § 5-3-29. However, the trial in the superior court is not a trial without limitation, but is rather "a new trial in which only the matter presented to the court below can be relitigated." *Mathews v. Mathews*, 136 Ga. App. 833, 837 (222 SE2d 609) (1975). In the instant case, the only issue addressed by the probate court was the appointment of an administrator. Accordingly, the superior court, as an appellate body, was limited to a consideration of that issue alone. The trial court correctly set aside that portion of the default judgment which purported to adjudicate appellee's inheritance rights.

Appellant contends, however, that the principle enunciated in *Mathews* is not controlling in the case at bar, because a pre-trial order entered with the consent of the parties had specified that both the issue of administration and the issue of inheritance would be determined in the superior court proceedings. Appellant relies on *Echols v. Bridges*, 239 Ga. 25, 28 (235 SE2d 535) (1977), for the proposition that "[o]nce a case is appealed to the superior court, the judge of that court can enter an appropriate pre-trial order defining and limiting the issues[,] and the parties having knowledge of the order are bound thereby unless they file a timely motion to amend." *Echols*, supra at 28. While that proposition is a correct statement of law, appellant's reliance upon *Echols* is misplaced. The pre-trial order in *Echols* properly limited the scope of inquiry in the superior court to issues which had been raised in the probate court proceedings. *Echols* does not intimate that a pre-trial order can be utilized to expand the authority of the superior court to include issues over which that authority would not otherwise exist.

We find that the ruling in *Mathews v. Mathews*, supra, controls the issue presented in the instant case. Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED JUNE 22, 1984.

*Sara Nell Langland*, for appellant.

*Harvey C. Brown, Jr.*, for appellee.