### 77785. RUSSELL v. FLYNN et al.
(381 SE2d 142)

CARLEY, Chief Judge.

Prior to July 1, 1987, appellee-plaintiffs filed suit in magistrate court against appellant-defendant. In their statement of claim, appellees alleged that appellant, who had constructed their residence, was liable to them for breach of warranty. Subsequent to July 1, 1987, the magistrate court entered a $2,794 judgment in favor of appellees.

Appellant filed a de novo appeal to the superior court. Thereafter, appellees filed an amended statement of claim. Although the amended claim sounded in breach of warranty, it also alleged appellant's breach of the construction contract by failing to deliver the property "in a condition clear, complete and ready to occupy and by not exerting every effort on his part to complete construction of said residence within the prescribed period of time. . . ." Appellees' amended claim also contained additional allegations as to damages. The jury returned a $9,942 verdict in favor of appellees. Appellant appeals from the judgment entered by the superior court on this verdict.

1. At the time that appellees filed their original statement of claim, $2,500 was the jurisdiction limit of magistrate courts. Effective July 1, 1987, OCGA § 15-10-2 (5) was amended so as to provide that magistrate courts were empowered to hear civil claims when "the amount demanded . . . does not exceed $3,000. . . ." Appellant urges that this amendment cannot be given retroactive effect and that both the magistrate and superior courts erred in entering a judgment against him in an amount in excess of $2,500.

Civil claims of $3,000 or less were legally recognized prior to July 1, 1987 and, therefore, the amendment to OCGA § 15-10-2 (5) created no new right of action for plaintiffs. Compare *Focht v. American Cas. Co.*, 103 Ga. App. 138 (118 SE2d 737) (1961). The statute merely provided a plaintiff who otherwise had a claim for $3,000 or less with the option of pursuing his legal remedies in a magistrate court rather than a higher court. Likewise, the statute imposed no new obligation on defendants. Compare *Focht v. American Cas. Co.*, supra. Prior to July 1, 1987, a defendant was subject to being sued on claims of

$3,000 or less and the statute merely provided that the defense of such claims might, at the plaintiff's option, have to be made in a magistrate court rather than in a higher court.

Accordingly, the amendment to OCGA § 15-10-2 (5) is remedial in its operation and effect and it applies, therefore, in the instant case. "A remedial Act serves to change the method or procedure through which a right may be asserted or enforced, the modus operandi, but does not divest, curtail or prevent the enjoyment of a valid vested property right of one coming within the orbit of its operation. [Cits.]" *Turman v. Mabry*, 221 Ga. 153, 154 (143 SE2d 645) (1965). "Remedial Statutes are not inoperative, although of a retrospective nature, provided they do not impair contracts, *and only go to confirm rights already existing, and in furtherance of the remedy, by curing defects and adding to the means of enforcing existing obligations.* [Cits.]" (Emphasis in original.) *Searcy v. Stubbs*, 12 Ga. 437, 439 (1853). The amendment to OCGA § 15-10-2 (5) merely changed the method or procedure by which a plaintiff's existing claim of $3,000 or less could be asserted or enforced against a defendant, insofar as the magistrate court was added as a viable forum for resolution of such claims.

Thus, it does not follow that, simply because the present case was filed prior to July 1, 1987, the remedial amendment to OCGA § 15-10-2 (5) cannot be applied. At the time that appellees filed their original statement of claim, they sought an amount which was within the $2,500 jurisdictional limits of the magistrate court. Compare *Champion v. Rakes*, 155 Ga. App. 134 (270 SE2d 272) (1980). The judgment of the magistrate court was entered after July 1, 1987 and, at that time, $2,794 was within the jurisdictional limits of that court. The magistrate court did not err in entering the judgment.

The superior court did, however, err in entering judgment in favor of appellees in an amount in excess of $3,000. On de novo appeal, the superior court had only the jurisdiction possessed by the magistrate court. See *Mathews v. Mathews*, 136 Ga. App. 833, 837 (222 SE2d 609) (1975).

2. As noted previously, the amended statement of claim that appellees filed in the superior court raised the issue of appellant's liability for breach of the construction contract as well as the issue of his liability for breach of warranty. Over appellant's objection, the superior court allowed appellees to litigate the issue of his contractual liability. Appellant enumerates this ruling as error, urging that the issue was not raised in the magistrate court and should not have been litigated in the superior court.

Both *Mathews v. Mathews*, supra and *Williams v. Calloway*, 171 Ga. App. 286, 288 (2) (319 SE2d 500) (1984) stand for the proposition that, in a de novo appeal from an order of a probate court, only the

"issue" that was raised below can be litigated in the higher court. Probate courts have original and exclusive jurisdiction over specified subject matters. See OCGA § 15-9-30. Accordingly, to hold that it is possible to litigate in the higher court an "issue" which was never raised in the probate court would be to sanction the de novo appeal process as a means of evading the original and exclusive jurisdiction of the probate court over that "issue." Thus, the appellant in *Mathews*, who had raised only the "issue" of an accounting in the probate court, was precluded from raising the "issue" of settlement in the de novo appeal to the superior court. The appellant in *Williams*, who has raised only the "issue" of administration in the probate court, was precluded from raising the "issue" of inheritance rights in the de novo appeal.

Unlike probate courts, however, magistrate courts have no original and exclusive jurisdiction over cases of specified subject matter. The magistrate courts have general and concurrent jurisdiction over "civil claims" of $3,000 or less. See OCGA § 15-10-2 (5); *Phillips v. Rawls*, 46 Ga. App. 200 (2) (167 SE 189)(1932). Accordingly, the focal "issue" in the litigation of a de novo appeal from the magistrate court is necessarily the civil claim that was asserted in the statement of claim. So long as the subsequent litigation can be said to relate to that civil claim, there is no erroneous evasion of the magistrate court's jurisdiction since the higher court had concurrent jurisdiction over that claim. In the statement of claim that they filed in magistrate court, appellees raised the "issue" of appellant's contractual liability to them in connection with his construction of their house. That claim sounds in breach of express warranty. In the amendment that they filed in superior court, appellees again raised the "issue" of appellant's contractual liability to them in connection with his construction of their house. Although the amendment sounds in breach of express warranty, it also alleges appellant's breach of the construction contract. Accordingly, unlike *Mathews* and *Williams*, the "issue" that was tried in *both* the magistrate and superior courts arose out of appellees' claim predicated upon appellant's contractual liability in connection with his construction of their house. The only difference is that the "issue" of appellant's contractual liability as it was framed by the amended statement of claim that appellees filed in the superior court included additional allegations of appellant's breach of the construction contract, as well as of his breach of express warranty. " 'When a case is on appeal [in the superior court from a magistrate court], any amendment whether in matter of form or substance may be made which could have been made while the case was in the primary court.' [Cit.]" *Wofford v. Vandiver*, 72 Ga. App. 623, 627 (34 SE2d 579) (1945). There is no contention that, in the magistrate court, appellees could not have filed an amendment adding allega-

tions of appellant's breach of the construction contract as an element of the triable "issue" of his contractual liability with regard to his construction of their house. Accordingly, it was not error to allow the jury to consider an "issue" of appellant's contractual liability which was not raised in the magistrate court, but which was raised by proper amendment in the superior court.

3. Remaining enumerations of error have been considered and are found to be without merit.

4. The judgment in favor of appellees is affirmed with direction that all but $3,000, which is the applicable jurisdictional limit of the magistrate court, be written off. See *Giles v. Spinks*, 64 Ga. 205 (1879).

*Judgment affirmed with direction. Deen, P. J., McMurray, P. J., Banke, P. J., Pope and Benham, JJ., concur. Beasley, J., concurs in Divisions 1, 3, 4 and in the judgment. Sognier, J., dissents.*

SOGNIER, Judge, dissenting.

I respectfully dissent. I disagree with the majority's conclusion that the amendment to OCGA § 15-10-2 (5) increasing the subject matter jurisdiction of the magistrate courts is remedial, and also disagree that the issues raised by amendment in superior court could be heard on de novo review.

As a general rule, laws prescribe only for the future, and usually will not be given retrospective operation unless required by express statutory or clear legislative purpose, *Canton Textile Mills v. Lathem*, 253 Ga. 102, 103 (1) (317 SE2d 189) (1984), or when the statute governs only procedure of the courts, including the rules of evidence. *Polito v. Holland*, 258 Ga. 54, 55 (2) (365 SE2d 273) (1988); see OCGA § 1-3-5. However, even if the statute is procedural it will not be applied retroactively if retroactive application will disturb vested rights. *Seaboard Air-Line R. Co. v. Benton*, 175 Ga. 491, 499 (165 SE 593) (1932).

I find the 1987 amendment to OCGA § 15-10-2 (5) is procedural because it did not create a new cause of action or legal duty, but rather dealt with enforcement of existing rights by expanding the existing subject matter jurisdiction of the magistrate court. However, I do not agree with the majority that this amendment should be applied retroactively, as I find the amendment did affect the vested rights of litigants who, like the instant parties, were *already before magistrate courts* because the potential recovery of the plaintiffs and the possible exposure of the defendants were increased by $500. (See *Focht v. American Cas. Co.*, 103 Ga. App. 138, 140-141 (2) (118 SE2d 737) (1961), in which we held that an amendment to the Georgia Long Arm Statute, which authorizes personal jurisdiction in certain suits against nonresidents, should be applied prospectively because,

although procedural, it created new rights and imposed new obligations.) The majority concludes the amendment to OCGA § 15-10-2 (5) is remedial because no new right or obligation was created, in that a civil action for $3,000 already was permissible in some *other* courts before July 1, 1987. That holding ignores the obvious fact that *this* action was filed in magistrate court, which did *not* have jurisdiction over a $3,000 claim at the time, and not in some other court which *did* have such jurisdiction. In my view, the majority thus engages in sheer sophistry by concluding that no new right of action was created as to appellees, who were already engaged in litigation in a court with a $2,500 jurisdictional limit at the time that court's jurisdictional ceiling was raised. Because I believe the amendment to OCGA § 15-10-2 (5) *did* create new rights and obligations, at least as to litigants who, like the parties sub judice, were already litigating in magistrate courts, I conclude the amended statute should have been applied prospectively, see generally *Focht*, supra, and thus find $294 of the magistrate court's judgment should have been struck and judgment entered for the balance. *Giles v. Spinks*, 64 Ga. 206, 207 (1, 2) (1879); see OCGA § 9-12-8. Similarly, all of the superior court judgment in excess of the magistrate court jurisdictional limit of $2,500 should have been written off.

I also disagree with the majority's conclusion that the superior court properly considered on de novo review the issues raised in appellees' amended complaint. "[T]he [de novo] trial in the superior court is not a trial without limitation, but is rather 'a new trial in which only the matter presented to the court below can be relitigated.' [Cit.]" *Williams v. Calloway*, 171 Ga. App. 286, 288 (2) (319 SE2d 500) (1984). Thus, although the parties may introduce *evidence* not received below, neither party is entitled to raise *issues* not litigated before the magistrate court. See id.; see also *Mathews v. Mathews*, 136 Ga. App. 833, 837-838 (2) (222 SE2d 609) (1975). I find the majority's attempt to distinguish *Williams* and *Mathews* unconvincing because in each case the issues raised on de novo appeal were rejected not because they were outside the probate court's limited jurisdiction but because they had not been raised below. Further, I find the majority's definition of "issue" flawed. The majority's definition of "issue" is so broad that it encompasses the entire civil action and thus eviscerates the holdings in *Williams* and *Mathews*.

In the instant case, upon appeal to superior court appellees amended their complaint to allege an additional cause of action, and also sought recovery for additional damages under either claim. Although there is no transcript of the superior court proceedings in the record, appellant stated in the statement of facts in his brief before this court that new issues were presented to the superior court, and appellees' brief did not contest that description of the events below.

Accordingly, pursuant to Court of Appeals Rule 15 (b) (1), we are authorized to consider appellees' silence as consent to appellant's statement of the facts, see *Bentley-Kessinger, Inc. v. Jones*, 186 Ga. App. 466, 467 (367 SE2d 317) (1988), and thus I conclude the superior court considered issues not raised in the magistrate court. As we have no transcript from which to ascertain the permissible scope of the superior court's judgment, I would reverse the superior court's denial of appellant's motion for new trial.

DECIDED MARCH 31, 1989.

*George P. Graves*, for appellant.
*Henry R. Stringfellow*, for appellees.