### 43527. LEE v. WAINWRIGHT.
(350 SE2d 238)

HUNT, Justice.

Following the testator's death, the executor Wainwright offered for probate a will dated April 30, 1984. In this will the testator left his entire estate to four persons, none of whom are his heirs-at-law. His heirs-at-law are his five brothers and sisters. A sister of the testator, Mary S. Lee, objected to the will on grounds of forgery, lack of testamentary capacity, undue influence, and intoxication. The probate court, however, admitted the will to probate and Lee filed a de novo appeal to superior court.[1]

Lee attempted to amend her caveat in the superior court to raise the issue of revocation by a subsequent will, purportedly executed by the testator on February 16, 1985, which contained the usual revocation clause. Wainwright filed a motion in limine to exclude the later will or any reference to it from evidence on the ground that the will was not part of the record below on appeal and that Lee was estopped to amend her caveat by adding a ground outside the record. The trial court granted this motion, denied Lee's amendment, and subse-

---

[1] At the calendar call for Lee's appeal in the superior court, Lee moved to have the case continued and to have the entire matter remanded to probate court for consideration of a purported subsequent will which she had not filed with the probate court. The trial court properly denied her motion on the ground that OCGA § 53-3-60, which gives original jurisdiction to the probate court over an action in which it is alleged that a later will is entitled to be admitted to probate, was not applicable to Lee's appeal, filed before the effective date of that statute.

quently ordered the will that Wainwright propounded to probate. Lee appeals.

It is undisputed that Lee was aware of the existence of the later will at the time she filed a caveat to the 1984 will, but that she did not raise this issue in the probate court. The later document named Lee as the executrix of the testator's estate and left the entire estate to Lee's son.

Nevertheless, the law in effect at the time that Lee sought to amend her caveat provided: "An appeal to the superior court from a . . . probate court . . . is a de novo investigation. It brings up the whole record from the court below; and all competent evidence shall be admissible on the trial thereof, whether adduced on a former trial or not. Either party is entitled to be heard on the whole merits of the case." OCGA § 5-3-29.[2] The purpose of this statute is to provide the parties to an appeal from probate court a de novo hearing, and "all competent evidence" may be introduced in the superior court regardless of whether it was submitted in the probate court. *Dukes v. Joyner*, 234 Ga. 526, 527-528 (2) (216 SE2d 822) (1975). There is no question that the evidence of the subsequent will was competent. Further, OCGA § 15-9-89 provides, "The petition and caveat shall be amendable at all times in every particular." Thus, the trial court erred by denying Lee's amendment and by granting Wainwright's motion in limine.

Wainwright argues that Lee's conduct in withholding the subsequent will until after the probate court ruled against her in her caveat to the earlier will bars any attempt on her part to prove the validity of the subsequent will. However, Lee's conduct in equitable terms is irrelevant to this proceeding where the *only* issue before the superior court is devisavit vel non, that is, whether the paper propounded is or is not the last will and testament of the deceased. *Cone v. Johnston*, 202 Ga. 420, 422 (43 SE2d 545) (1947); *Walden v. Mahnks*, 178 Ga. 825, 830 (1) (174 SE 538) (1934); *Trustees v. Denmark*, 141 Ga. 390, 400-401 (2b) (81 SE 238) (1913).

Nor does Lee's failure to promptly file the subsequent will as required by OCGA § 53-3-3 bar her from submitting that will in the probate proceeding in superior court. "[Under OCGA § 53-3-3] it is declared that every person having possession of a will must file the same with the ordinary of the county having jurisdiction; and on failure to do so, the ordinary may issue process as for contempt, and fine and imprison the person thus withholding the paper until the same shall be delivered. Except as to proof in solemn form after probate in

---

[2] Effective July 1, 1986, this statute was amended so that it no longer applies to appeals from probate courts.

common form . . . there is no statute of limitation upon the time within which a will may be probated . . . and *if a will is finally offered, its proof and record can not be denied upon the ground of delay by the propounder, nor because of acts on his part from which an estoppel might arise in other cases.*" *Walden v. Mahnks*, supra at 830 (1). (Emphasis supplied.)

*Judgment reversed. All the Justices concur, except Clarke, P. J., Smith and Gregory, JJ., who dissent.*

GREGORY, Justice, dissenting.

I would hold that Lee is barred by her own conduct from obtaining relief from the judgment of the probate court.

Lee's apparent order of preference among the options she saw was first, an intestacy; next probate of the purported will executed in 1985; and last of all, probate of the purported will executed in 1984. There is support in the record for the conclusion that the 1985 will may never have come to light if Lee's caveat had been successful in producing an intestacy. Lee took a chance by holding back the 1985 document until the unfavorable outcome in probate court. Such trifling with the orderly process of the courts should not be tolerated.

Lee has breached her statutory duty to file the will she now seeks to probate, which breach of duty has placed her directly in the position from which she seeks to be removed. OCGA § 53-3-3; *Mitchell v. Arnall*, 203 Ga. 384, 386 (47 SE2d 258) (1948). For these reasons I would hold Lee is not entitled to have the judgment set aside.

I therefore respectfully dissent.

I am authorized to state that Presiding Justice Clarke and Justice Smith join in this dissent.

DECIDED NOVEMBER 25, 1986.

*Charles E. Lamkin, Robert M. McCartney,* for appellant.
*C. Deen Strickland,* for appellee.