A91A0653. BARMORE et al. v. HIMEBAUGH.
(410 SE2d 46)

BIRDSONG, Presiding Judge.

Melissa Barmore and all other adult relatives of Jolinda Jane Rogers, an incapacitated adult, except appellee, appeal the superior court's grant of summary judgment to appellee Jeffery Himebaugh, Rogers' son, on the appeal of the probate court's denial of their petition to remove Himebaugh as Rogers' guardian. Although expressed in several enumerations of errors, appellants' primary complaint is that the superior court erred by refusing to consider certain evidence, not presented in the probate court, because the superior court held that it could not consider the evidence as it concerned new issues. *Held*:

Although the superior court relied upon *Williams v. Calloway*, 171 Ga. App. 286 (319 SE2d 500) and *Mathews v. Mathews*, 136 Ga. App. 833 (222 SE2d 609), as authority that new issues may not be raised in the superior court, both *Williams* and *Mathews* predate the 1986 amendments to OCGA §§ 5-3-29 and 29-5-11 and our Supreme Court's decision in *Lee v. Wainwright*, 256 Ga. 478 (350 SE2d 238).

Contrary to the holdings in *Williams* and *Mathews*, supra, *Lee v. Wainwright* holds that de novo appeals to the superior court are not limited to issues raised in the probate court. *Lee* states "[t]he purpose of this statute [OCGA § 5-3-29] is to provide the parties to an appeal from probate court a de novo hearing, and 'all competent evidence' may be introduced in the superior court regardless of whether it was submitted in the probate court. [Cit.]" Id. at 479. Therefore, under *Lee* all competent evidence must be admitted on de novo appeal to the superior court regardless of whether it concerned new issues. This

rule was reiterated recently in Justice Hunt's concurring opinion in *Shockley v. Fayette County*, 260 Ga. 489, 492, n. 1 (396 SE2d 883), "de novo investigations are not limited to issues presented in the lower tribunal. OCGA § 5-3-29."

Moreover, OCGA § 29-5-11 (a) provides that "[t]he appeal shall be in the same manner as other appeals from the probate court to the superior court but shall be heard as expeditiously as possible. The appeal shall be de novo unless the parties by agreement specifically limit the issues."

The general procedure for de novo appeals to the superior court is set forth in OCGA § 5-3-29. This section provides that "[a]n appeal to the superior court . . . in any other case where not otherwise provided by law, is a de novo investigation. It brings up the whole record from the court below; and all competent evidence shall be admissible on the trial thereof, whether adduced on a former trial or not. Either party is entitled to be heard on the whole merits of the case."

Therefore, since all competent evidence may be considered in a de novo appeal to the superior court, it was error for the superior court to exclude any competent evidence relevant to the removal of Himebaugh as Rogers' guardian. *Lee v. Wainwright*, supra. Accordingly, the grant of summary judgment to Himebaugh must be reversed. Our ruling on this issue renders moot the other errors enumerated.

Further, to the extent *Williams* and *Mathews* conflict with *Lee*, they are no longer valid precedent. Also, to the extent that Division 2 of *Russell v. Flynn*, 191 Ga. App. 196, 197 (381 SE2d 142), relies on *Williams* and *Mathews* and conflicts with *Lee*, it is no longer valid precedent.

*Judgment reversed. McMurray, P. J., Carley and Beasley, JJ., concur. Sognier, C. J., and Andrews, J., concur specially. Banke, P. J., Pope and Cooper, JJ., dissent.*

SOGNIER, Chief Judge, concurring specially.

I concur only in the judgment of the majority's opinion. A review of Ga. L. 1986, p. 982 supports Judge Cooper's position in his dissent that the 1986 amendments to OCGA §§ 29-5-11 and 5-3-29 effected no change in the law regarding de novo appeals from probate courts in non-jury trial cases to superior courts. Nothing in *Lee v. Wainwright*, 256 Ga. 478 (350 SE2d 238) (1986) or *Shockley v. Fayette County*, 260 Ga. 489, 492, n. 1 (396 SE2d 883) (1990) supports a conclusion that *Williams v. Calloway*, 171 Ga. App. 286, 288 (2) (319 SE2d 500) (1984) and *Mathews v. Mathews*, 136 Ga. App. 833, 836-838 (2) (222 SE2d 609) (1975), as modified by this court in *Russell v. Flynn*, 191 Ga. App. 196, 197-198 (2) (381 SE2d 142) (1989), have been overruled. Contrary to the majority's position, I find *Russell* to

be still valid law and to control the result here. Accordingly, since under *Russell*, appellants were not precluded in superior court by the holding in *Williams* and *Mathews* from raising in their de novo appeal *all* issues which could have been raised in the probate court whether or not actually raised therein, I agree that the superior court erred by refusing to consider appellants' newly raised issue of appellee's unfitness to serve as Rogers' guardian as a ground for his removal.

I am authorized to state that Judge Andrews joins in this special concurrence.

COOPER, Judge, dissenting.

I respectfully dissent, as I find that the superior court was correct in limiting the issues for consideration in the de novo proceeding in the superior court to only those issues raised before the probate court. Appellants maintained that the issue before both the probate court and the superior court was whether or not appellee should be removed as guardian and that in support of appellants' position, several "evidentiary grounds" were alleged before the probate court which appellants also had the burden of proving in the de novo proceeding, e.g., appellee's failure to inform the court as to the nature of the estate, his failure to monitor Rogers' condition and provide adequate medical care, his refusal to provide Rogers with items needed for her care, his refusal to provide guidance and supervision of Rogers' minor son and his refusal to account for his activities as guardian. Appellants argued that the superior court erroneously determined that these "evidentiary grounds" were in fact "issues" and that none other than these "issues" could be considered by the superior court in the de novo trial. In addition to the charges listed above, appellants alleged in their pleadings in the superior court that appellee's criminal history rendered him unfit to serve as a guardian. My review of the record clearly reveals that appellants did not allege appellee's unfitness to serve as a guardian as a ground for removal in the probate court. The superior court declined to consider this allegation because unfitness was not specifically raised as an issue in the probate court, even though appellee's criminal history had been raised in the context of appellee's ability to obtain a bond. Appellants contended that because OCGA § 29-2-45 sets forth grounds for removal and specifically lists fitness as such a ground and because appellee's felony conviction was probative of that fact, consideration of appellee's criminal history on the question of his fitness to serve as a guardian should not have been excluded. Appellants contended the superior court improperly restricted the consideration of relevant evidence in the de novo trial by viewing their contention regarding appellee's criminal history as a separate "issue" which had to be raised in the court below, as op-

posed to viewing it as competent evidence of the ultimate issue, removal of appellee as guardian.

In support of its determination that new "issues" could not be raised in a de novo appeal, the court relied on *Williams v. Calloway*, 171 Ga. App. 286 (2) (319 SE2d 500) (1984), in which the superior court determined that the question of inheritance, raised for the first time in a de novo trial, was a new issue in a case involving the appointment of an administrator of an estate, and *Mathews v. Mathews*, 136 Ga. App. 833 (2) (222 SE2d 609) (1975), where the superior court similarly excluded, as a new issue, mismanagement of an estate in a case involving an accounting by an executrix. In my view, the superior court was correct in restricting its consideration to those issues raised before the probate court. "[T]he trial in the superior court is not a trial without limitation, but is rather 'a new trial in which only the matter[s] presented to the court below can be relitigated.' [Cit.]" *Williams*, supra at 288. The questions of appellee's failure to inform the court as to the nature of the estate, his failure to monitor Rogers' condition and provide adequate medical care, his refusal to provide Rogers with items needed for her care, his refusal to provide guidance and supervision of Rogers' minor son and his refusal to account for his activities as guardian were litigated in probate court, as the court weighed evidence presented by the parties and made findings based on the evidence. However, the question of whether appellee's criminal record made him unfit to serve as a guardian was not raised in the probate court proceeding; therefore, the superior court did not err in limiting its inquiry on that issue. Id. See *Russell v. Flynn*, 191 Ga. App. 196 (2) (381 SE2d 142) (1989).

I do not believe that our holdings in *Williams*, *Mathews*, and *Russell* are no longer valid precedent based on *Lee v. Wainwright* and the 1986 amendment to OCGA §§ 5-3-29 and 29-5-11.

OCGA § 29-5-11 (a) provides in pertinent part that appeals concerning guardianship "shall be in the same manner as other appeals from the probate court to the superior court but shall be heard as expeditiously as possible. The appeal shall be de novo unless the parties by agreement specifically limit the issues." OCGA § 5-3-29 governs "other appeals from the probate court to the superior court." That statute has been interpreted in *Williams*, supra, and *Mathews*, supra, as allowing all competent evidence relevant to the issues raised below to be admissible in appellate proceedings before the superior court.

The Georgia Supreme Court's decision in *Lee v. Wainwright*, 256 Ga. 478 (350 SE2d 238) (1986), supra is not inconsistent with this court's holdings in *Williams* and *Mathews*. In *Lee*, the issue raised before the probate court was whether the document propounded before that court was the last will and testament of the deceased. *Lee*,

256 Ga. at 479. The Supreme Court held that the subsequent will was competent evidence of whether the document before the court was truly the last will and testament of the deceased and that evidence should have been allowed. Id. That holding did not expand the issues in the case before the superior court.[1]

Furthermore, the majority opinion interprets the language in OCGA § 29-5-11 (a) that "[t]he appeal shall be de novo unless the parties by agreement specifically limit the issues," as providing a basis for its holding that issues not raised below may be litigated on appeal. That language should be read as allowing the parties to limit the issues to be raised on appeal from those issues previously raised below.

In sum, the issue of the guardian's unfitness had not been raised before the probate court. Consequently, that issue and evidence pertaining to it could not be raised for the first time on appeal to the superior court.

I am authorized to state that Presiding Judge Banke and Judge Pope join in this dissent.

DECIDED JULY 16, 1991 —
RECONSIDERATION DENIED JULY 31, 1991 — 

*Joseph A. Griggs, Tyron C. Elliott*, for appellants.
*Whitmer & Law, James H. Whitmer, G. Hammond Law III, J. Richardson Brannon*, for appellee.

---

[1] Footnote 2 in *Lee*, supra at 479 does not stand for the proposition that this court's interpretation of the language in OCGA § 5-3-29, as set forth in *Mathews*, supra, and *Williams*, supra, was altered by the 1986 amendment to that statute. Although in 1986 the language of that statute was changed to remove the term probate court specifically and the appeals process was modified to allow certain direct appeals to this court and the supreme court from probate cases, OCGA § 15-9-123, certain probate matters still remain appealable to the superior courts pursuant to OCGA § 5-3-29.