Patricia VREELAND, Charles R. Godfrey, Peter F. Perri, Karen M. Kelly, Robert A. Detlefs, Dolores Benish, Eleanor Padovani, James F. Clarke, individually, and on behalf of all other persons similarly situated, Plaintiffs,

v.

ETHAN ALLEN, INC., Defendant.

No. 93 Civ. 2106 (CLB).

United States District Court, S.D. New York.

Aug. 12, 1993.

Christine Cesare, Dennis Fleischmann and Peter McKiernan of Emmet, Marvin & Martin, New York City, for plaintiffs.

Ronald Dreismann and David Lebowite of Paul, Hastings, Janofsky & Walker, New York City, for defendant.

## MEMORANDUM & ORDER

BRIEANT, District Judge.

In this action brought under the Age Discrimination and Employment Act (the "ADEA") 29 U.S.C. § 621 *et seq.*, the defendant filed a motion on July 12, 1993 seeking an order dismissing the Second, Third, and Fourth Counts of plaintiffs' complaint; dismissing the claims asserted by certain of the plaintiffs; and requiring each of the plaintiffs to file with the Court a security bond sufficient to cover defendant's attorneys fees and costs in the event that defendant should prevail, and for reasonable attorney's fees. Fa-

miliarity on the part of the reader with the many proceedings had herein is assumed. *See* Memorandum and Order dated July 1, 1993, and Transcript of the July 23, 1993 hearing.

■ So much of the motion which seeks to dismiss the Second Count of the Complaint, based upon New York State Human Rights Law, Executive Law § 297(9), is granted. None of the named plaintiffs are residents of New York State, and the Court has denied plaintiffs' motion to certify an opt-in collective action. The New York State statutory rights are not a basis on which relief may be granted to these eight named plaintiffs.

■ The Third Count alleges employment discrimination based on age, pursuant to Connecticut Human Rights and Opportunities Law § 46a–60(a)(1). Section 1367(a) of Title 28 of the United States Code provides: "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Here, the state claim by the plaintiffs against the defendant is based upon the identical facts alleged to support the federal claim, pursuant to the ADEA. The Third Count, therefore, properly may be tried in this Court, within our supplemental jurisdiction as granted by Congress.

■ Connecticut Human Rights and Opportunities Law § 46a–100 provides in relevant part that: "[a]ny person who has timely filed a complaint with the commission on human rights and opportunities ... alleging a violation of section 46a–60 and who has obtained a release from the commission ... may also bring an action in the superior court for the judicial district in which the discriminatory practice is alleged to have occurred." Defendant argues that plaintiffs' claim for relief cannot be brought in this Court, therefore, because the state legislature, in creating the right sued upon, explicitly directed that the claim could be adjudicated only in the state courts. "This proposi-

tion has been often asserted [in the Supreme Court of the United States] and as often denied." *Hess v. Reynolds,* 113 U.S. 73, 76, 5 S.Ct. 377, 377, 28 L.Ed. 927 (1885) (citing cases). "In all cases where a general right is thus conferred, it can be enforced in any Federal court within the State having jurisdiction of the parties. It cannot be withdrawn from the cognizance of such Federal court by any provision of State legislature that it shall only be enforced in a State court." *Railway Company v. Whitton's Administrator,* 13 Wall. (80 U.S.) 270, 286, 20 L.Ed. 571 (1871).

■ Our Court of Appeals has held: "it is well settled that state statutes cannot limit the jurisdiction or restrict the procedure of the federal courts, although they may at times provide plaintiffs with additional remedies which will be enforced in the federal courts. 1 *Moore's Federal Practice* § 2.07." *Griffith v. Bank of New York,* 147 F.2d 899, 904 (2d Cir.), *cert. denied,* 325 U.S. 874, 65 S.Ct. 1414, 89 L.Ed. 1992 (1945).

State statutes may not defeat the jurisdiction of the federal courts, whether that jurisdiction is conferred by the diversity of the citizenship of the parties, as in most of the decided cases to consider this question, or by federal statute, as in this case. The United States Supreme Court has held that the "jurisdiction of the courts of the United States, in controversies between citizens of different States, cannot be ousted or annulled by statutes of the States, assuming to confer it exclusively on their own courts." *Hess v. Reynolds,* 113 U.S. 73, 77, 5 S.Ct. 377, 378, 28 L.Ed. 927 (1885). Circuit Courts of Appeals other than our own consistently have reached the same conclusion. "Federal jurisdiction cannot be defeated by a state statute prescribing the court in which the action is to be brought." *Akin v. Louisiana Nat'l Bank of Baton Rouge,* 322 F.2d 749, 754 (5th Cir. 1963) (citing *Waterman v. Canal–Louisiana Bank & Trust Co.,* 215 U.S. 33, 45–46, 30 S.Ct. 10, 13, 54 L.Ed. 80 (1909) ("This controversy is within the equity jurisdiction of the courts of the United States ... and such jurisdiction cannot be limited or in anywise curtailed by state legislation as to its own courts.")). "The cases in the diversity juris-

diction involve rights created by a state, rights which are subject to definition, limitation and, frequently, negation by the state. The fact that the substantive right is a creature of the state, however, does not suggest that the state may deny the judicial power the states conferred upon the United States when they ratified the Constitution or thwart its exercise within the limits of congressional authorization. In determining its own jurisdiction, a District Court of the United States must look to the sources of its power and not to acts of states which have no power to enlarge or to contract the federal jurisdiction.... However extensive the power of the state to deal with the substantive right, it has no power to defeat the jurisdiction of the federal courts.... [W]henever a state provides a substantive right and a remedy for its enforcement in a judicial proceeding in any state court, a judicial controversy involving the right may be adjudicated by a United States District Court if it has jurisdiction under the Constitution and laws of the United States." *Markham v. City of Newport News*, 292 F.2d 711, 713, 714, 716 (4th Cir. 1961). *See also Gruss v. Curtis Pub. Co.*, 361 F.Supp. 58, 59 (S.D.N.Y.1973) (citing cases).

Defendant's motion for security pursuant to Southern District Local Rule 39, is denied for want of merit. The remainder of defendant's motion to dismiss is denied in its entirety. Defendant brought this motion pursuant to Fed.R.Civ.Pro. Rules 12(b) and (c), which are addressed properly to the sufficiency of the face of the pleadings. Although defendant has submitted affidavits that extend beyond the pleadings, it has requested specifically that this Court *not* convert the motion to one for summary judgment, pursuant to Fed.R.Civ.Pro. Rule 56. As noted on the July 23, 1993 Transcript, because the pleadings may stand on their own, and because resolution of the First, Third, and Fourth Counts will depend on factual determinations as to each of the eight named plaintiffs, defendant's motion must be denied.

Defendant's motion to dismiss the Second Count of the complaint is granted. The remainder of defendant's motion is denied in its entirety. The Court declines at this time to make the finding contemplated by Fed.R.Civ. Pro. Rule 54(b).

SO ORDERED.