In re Donald Ray YORK, Diane Carol York, Debtors.

Donald Ray York, Diane Carol York, Plaintiffs,

v.

Bank of America, N.A., aka Nationsbank, N.A., Defendant.

Bankruptcy No. 02–17460.
Adversary No. 02–1187.

United States Bankruptcy Court, E.D. Tennessee, Southern Division.

April 3, 2003.

Robert J. Harriss, Harriss & Hartman Law Firm, P.C., Rossville, GA, for Plaintiffs.

Robert Michael Sheffield, McCalla, Raymer, Padrick, Cobb, Nichols & Clark, Roswell, GA, for Defendant.

### MEMORANDUM OPINION ON DEFENDANT'S MOTION TO DISMISS

R. THOMAS STINNETT, Bankruptcy Judge.

The debtors, Donald Ray York and wife, Diane Carol York, who are residents of the State of Georgia, filed a petition under Chapter 13 of the Bankruptcy Code, on November 15, 2002. Within a few days they commenced this adversary proceeding. The defendant, Bank of America, foreclosed on the debtors' home before the debtors filed their Chapter 13 case. The gist of the debtors' complaint is that the bank, through its lawyers, agreed to accept a cure payment, but upon tender rejected it and demanded a higher amount. Then, the bank foreclosed despite the debtors' tender of a cure check for the higher amount. The debtors want the court to set aside the foreclosure so that they can keep their home by dealing with the secured debt under their Chapter 13 plan. The bank has filed a motion to dismiss on several grounds, and the debtors have responded. This memorandum opinion deals with the bank's motion to dismiss.

### JURISDICTION

■ The bank argues that this court does not have jurisdiction because Georgia law gives jurisdiction of an equitable action to set aside foreclosure to certain Georgia state courts. This reasoning was rejected long ago by the United States Supreme Court. *Railway Company v. Whitton's Administrator,* 13 Wall. 270, 80 U.S. 270, 286, 20 L.Ed. 571 (1871) (State law creating a wrongful death action in certain state courts did not prevent federal court from having jurisdiction.); *Griffith v. Bank of New York,* 147 F.2d 899 (2d Cir.1945) (Federal court has equity jurisdiction to set aside a state court judgment that was obtained by fraud despite state law giving jurisdiction to the state courts.); *Vreeland v. Ethan Allen, Inc.,* 828 F.Supp. 14 (S.D.N.Y.1993) (cause of action under Connecticut law not restricted to Connecticut state courts).

The bank contends this court lacks jurisdiction because the property is not proper-

ty of the bankruptcy estate. Bankruptcy jurisdiction includes jurisdiction of property of the debtor and property of the bankruptcy estate. 28 U.S.C. § 1334(e). But bankruptcy jurisdiction is not limited to jurisdiction of property. The bankruptcy court's subject matter jurisdiction includes an action by a debtor to set aside a prepetition foreclosure on state law grounds. 28 U.S.C. § 1334(b); *Barrett v. Commonwealth Federal Sav. and Loan Ass'n,* 939 F.2d 20 (3d Cir.1991); *Talbot v. Federal Home Loan Mortgage Corp. (In re Talbot),* 254 B.R. 63 (Bankr.D.Conn.2000); *2435 Plainfield Avenue, Inc. v. Township of Scotch Plains (In re 2435 Plainfield Avenue, Inc.),* 223 B.R. 440 (Bankr.D.N.J. 1998); *19 Court Street Associates, LLC v. Resolution Trust Corp. (In re 19 Court Street Associates, LLC),* 190 B.R. 983 (Bankr.S.D.N.Y.1996).

■ If the action is not a core proceeding, it is at least a related proceeding and still within the court's subject matter jurisdiction. 28 U.S.C. §§ 157(b) & 1334(b); *Smith v. Commercial Banking Corp. (In re Smith),* 866 F.2d 576 (3d Cir.1989); *Rosner v. Worcester (In re Worcester),* 811 F.2d 1224 (9th Cir.1987); *see also Fairbanks Steam Shovel Co. v. Wills (In re Federal Contracting Co.)* 212 F. 688 (7th Cir.1914). A dispute is related to a bankruptcy case and within the court's bankruptcy jurisdiction if the outcome will have a significant impact on the bankruptcy case. *8300 Newburgh Road Partnership v. Time Construction, Inc. (In re Time Construction, Inc.),* 43 F.3d 1041 (6th Cir. 1995); *Browning v. Levy,* 283 F.3d 761 (6th Cir.2002); *Sanders Confectionery Products, Inc. v. Heller Financial, Inc.,* 973 F.2d 474 (6th Cir.1992). A decision for the bank will end the debtors' claim to the property. A decision for the debtors will restore their rights in the property so that they may be able to keep it by dealing with the secured debt in their Chapter 13 plan. This lawsuit is within the court's subject matter jurisdiction under the test applied in the sixth circuit.

### RES JUDICATA & ROOKER–FELDMAN

■ Next, the bank argues that a prior state court decision bars the debtors' action to set aside the foreclosure. Before the debtors filed their Chapter 13 case, the bank filed a dispossessory action in the magistrate court in Georgia and obtained a judgment. The bank argues that the dispossessory judgment is res judicata as to whether the foreclosure can be set aside. 28 U.S.C. § 1738; *Simon v. Chase Manhattan Bank (In re Zaptocky),* 250 F.3d 1020 (6th Cir.2001) (Georgia law applies).

Since the debtors could not have defended the dispossessory action in the magistrate court on the ground that the foreclosure should be set aside, the magistrate court's decision is not *res judicata* as to whether the foreclosure can be set aside. *Ga.Code Ann.* §§ 9–12–40 & 9–12–42; *Myers v. North Georgia Title & Tax Free Exchange, LLC,* 241 Ga.App. 379, 527 S.E.2d 212 (1999); *Womack v. Columbus Rentals, Inc.,* 223 Ga.App. 501, 478 S.E.2d 611 (1996); *Grant v. Minson,* 171 Ga.App. 323, 319 S.E.2d 133 (1984); *Gentry v. Chateau Properties,* 236 Ga.App. 371, 511 S.E.2d 892 (1999); 2 Daniel F. Hinkel, *Pindar's Georgia Real Estate Law and Procedure* § 21–89, footnote 6 (5th ed.1998) (collected cases).

■ Likewise, the *Rooker–Feldman* doctrine does not prevent the court from hearing or deciding whether the foreclosure can be set aside. The *Rooker–Feldman* doctrine provides that a federal court, other than the supreme court, cannot review a decision by a state court. *Sill v. Sweeney (In re Sweeney),* 276 B.R. 186 (6th Cir. BAP 2002). The magistrate

court did not render any decision on the question of whether the foreclosure can be set aside. As a result, this adversary proceeding cannot be an attempt to review a decision by the magistrate court on that question. *Compare Kelly v. Ameriquest Mortgage Co. (In re Kelly)*, 262 B.R. 307 (Bankr.E.D.Pa.2001), and *Hanno v. TCF National Bank (In re Hanno)*, 254 B.R. 732 (Bankr.N.D.Ill.2000).

The debtors filed an appeal of the magistrate court decision to the superior court, but they filed their Chapter 13 case before the superior court issued a decision. The parties have not proceeded with the appeal. The superior court has not rendered a judgment directly on the question or even a judgment that would, under the rules of *res judicata*, bar litigation of the question. The debtors' complaint in this court cannot be an attempt to review a decision by the superior court. Federal law does not prohibit the debtors from bringing suit in this court to have the foreclosure set aside even if they can try the same question in the appeal to the superior court. The question is whether this court must or should abstain and allow the state court to decide the question. The court will deal with abstention later.

### VENUE

■■■ The bank contends this adversary proceeding should be dismissed because venue is not proper. With few exceptions, the correct venue for an adversary proceeding is the court where the bankruptcy case is pending. This adversary proceeding is not within one of the exceptions. 28 U.S.C. § 1409(a), (b), (d).[1] Neither the bank nor any other party has made a motion to dismiss or transfer the bankruptcy case for im-

proper venue. 28 U.S.C. § 1408. Since improper venue of the bankruptcy case can be waived by failure to make a timely challenge, the court is not required to determine that venue of the bankruptcy case is correct. The court can treat it as correct since it has not been challenged. It follows that venue of this adversary proceeding is correct. *Farinash v. First Union National Bank (In re Blackmon)*, 283 B.R. 910 (Bankr. E.D.Tenn.2002).

The bank contends it had no reason to challenge venue of the bankruptcy case because it had already foreclosed on the property and does not assert a deficiency claim against the debtors. The debtors filed their bankruptcy case on November 15, 2002. They scheduled the bank as a creditor holding a claim secured by their home. They also scheduled the bank's lawyers at the same address they have used for the pleadings in this adversary proceeding. The certificate of service for the notice of the case is dated November 26, 2002. The debtors filed the complaint against the bank on November 20, 2002, five days after filing their bankruptcy case. On November 21, 2002, the debtors' lawyer certified service to the bank and to the bank's lawyers. The bank's lawyers filed an answer for the bank on December 19, 2002. The meeting of creditors in the Chapter 13 case was set for December 31, 2002. Fed. R. Bankr.P. 9017; Fed.R.Evid. 201; *In re H.E. Graf, Inc.*, 125 B.R. 604 (Bankr.E.D.Cal.1991) (judicial notice of facts proved by the court's files). In light of these facts, the bank's argument is unconvincing.

### SERVICE OF PROCESS

■■■ The debtors mailed the summons and complaint to the bank and to the

1. Note that paragraph (c) of 28 U.S.C. § 1409 is not an exception from the general rule of paragraph (a). 28 U.S.C. § 1409(a), (c).

lawyers who had represented the bank in the foreclosure. Rule 7004(b)(3) requires service to an officer, managing agent, or agent appointed for service of process. As to service on a corporate officer, the courts do not agree on whether the address must include the corporate officer's name or only the title. *Compare Fleet Credit Card Services v. Tudor (In re Tudor)*, 282 B.R. 546 (Bankr.S.D.Ga.2002) (name required), *and Schwab v. Associates Commercial Corp. (In re C.V.H. Transport, Inc.)*, 254 B.R. 331 (Bankr.M.D.Pa.2000) (name not required). The problem is not relevant to this proceeding because the original summons was not addressed to an officer by either name or title. As a result, it was not proper service under Rule 7004(b)(3).

■ The debtors also mailed service to the lawyers who handled the foreclosure and who are representing the bank in this proceeding. The lawyers' prior representation of the bank did not necessarily make them the bank's agent for service of process in this proceeding. *J. & L. Parking Corp. v. United States*, 834 F.Supp. 99 (S.D.N.Y.1993); *Nisselson v. Roussopoulos (In re Roussopoulos)*, 198 B.R. 33 (Bankr.E.D.N.Y.1996). The debtors have not shown that the lawyers were the bank's agent for service of process. Thus, service on the lawyers was not proper service.

■ The lack of proper service generally does not require dismissal until the 120 day period for service of process has expired. Fed.R.Bankr.P. 7004(a); Fed. R.Civ.P. 4(m); *Gillis v. Gillis (In re Gillis)*, Adv. Proc. No. 97–1111, Bankr.Case No. 97–11851 (Bankr.E.D.Tenn. Aug. 13, 1997). The file reveals that the debtors attempted service of process on the bank's registered agent during the 120 days. Fed. R. Bankr.P. 9017; Fed.R.Evid. 201; *In re H.E. Graf, Inc.*, 125 B.R. 604 (Bankr. E.D.Cal.1991) (judicial notice of facts proved by the court's files). Since the bank has not challenged that attempt at service within the 120 days, dismissal is not proper at this time.

## STANDING

■ The bank contends the debtors do not have standing because the debtors' cause of action against the bank to set aside the foreclosure came into the bankruptcy estate, and only the Chapter 13 trustee can pursue a cause of action that belongs to the bankruptcy estate.

The problem revolves around the wording of the statute that establishes the rights, powers, functions, and duties of a Chapter 13 debtor. Similar statutes in Chapter 11 and Chapter 12 confer on the debtor *all* the rights, powers, functions, and duties of a bankruptcy trustee (with some exceptions). 11 U.S.C. §§ 1107 & 1203. The Chapter 13 statute refers to particular statutes. 11 U.S.C. § 1303. Compared to Chapters 11 and 12, Chapter 13 uses a narrower cross-reference to confer on the Chapter 13 debtor certain rights, powers, functions, and duties that would, in a Chapter 7 liquidation case, belong to the bankruptcy trustee.

In determining what difference this makes, the court is concerned with the authority to pursue a cause of action that belonged to the debtor before bankruptcy and came into the bankruptcy estate. The court is not concerned with special powers that exist only in a bankruptcy case. These include some of the avoiding powers and special rights over property that the debtor would not have under state law. 11 U.S.C. §§ 363, 364, 365, 542, 543, 544–549. A broad cross-reference helps to remove any doubt that the debtor has these special powers when the debtor is administering the bankruptcy case, instead of a bankruptcy trustee. Such a broad cross-reference may not be necessary to assure the

debtor's control over pre-bankruptcy causes of action that came into the bankruptcy estate.

The Chapter 13 statutes must be compared to the similar provisions in Chapters 11 and 12, but that requires a reference to the trustee's functions and duties in a liquidation case under Chapter 7.

In a Chapter 7 liquidation case, there is always a bankruptcy trustee. 11 U.S.C. §§ 701–703. The Chapter 7 trustee's duties are set out generally in § 704. 11 U.S.C. § 704. Other statutes in Chapter 7 grant a Chapter 7 trustee particular rights, powers, functions, and duties. 11 U.S.C. §§ 721, 723, 724, 725, 726 & 727(c)-(e). None of these statutes attempts to set out in detail all the rights, powers, functions, and duties of a Chapter 7 trustee. The trustee's basic rights, powers, functions and duties come primarily from Chapters 3 and 5 of the Bankruptcy Code. 11 U.S.C. §§ 323, 327, 330, 341(d), 343, 345, 346(c), (f), 347, 348(e), 361, 363, 364, 365, 366, 501(c), 503(b)(2), 504, 505, 506(c), 510, 542–554, 557 & 558. In particular, a Chapter 7 trustee has control of the property of the bankruptcy estate, including the debtor's pre-bankruptcy causes of action, and the trustee generally has the right to bring suit on those causes of action. 11 U.S.C. § 323 & 363.

Chapters 11, 12, and 13 follow this pattern. A statute sets out the trustee's functions and duties in general. The statute refers to parts of § 704 and adds additional rights, powers, functions, and duties that are appropriate for a case under that particular chapter. 11 U.S.C. §§ 1106, 1202 & 1302. Other statutes in the chapter add to or particularize the trustee's rights, powers, functions and duties in a case under that chapter. *See, e.g.,* 11 U.S.C. §§ 1108, 1109(b), 1110(b), (c), 1112(b), 1113, 1114, 1121(c), 1146(b), § 1205, 1208(b), (d), 1224, 1226, 1228(d), 1229(a), 1230, 1231(b), 1307(c), (d), 1326, 1328(e), 1330. But the trustee's basic rights, powers, functions, and duties are still set out in Chapters 3 and 5 of the Bankruptcy Code.

Usually there is no trustee in a reorganization case under Chapter 11. The court can order the appointment of a Chapter 11 trustee only if an interested party requests it and proves cause for the appointment. 11 U.S.C. § 1104(a). The debtor normally will be in charge of the administering the Chapter 11 case. In this capacity, the debtor is known as the debtor in possession. 11 U.S.C. § 1101(1). When the debtor serves as debtor in possession, the relevant statute provides that the debtor has *all* the rights, powers, functions, and duties of a Chapter 11 trustee, with some exceptions that need not be discussed. 11 U.S.C. § 1107 & § 1106(a)(2), (3), (4).

This may seem to be an awkward, if not totally backward, method of drafting statutes. Since the Chapter 11 debtor will usually administer the case as debtor in possession, why does the statute use the trustee as the basis for setting out the debtor in possession's rights, powers, functions and duties? This method of drafting simplifies the wording of the statutes by allowing the word "trustee" to mean debtor in possession. It also removes any doubt as to whether the debtor in possession has the basic rights, powers, functions, and duties of a trustee as set out in Chapters 3 and 5 of the Bankruptcy Code. In particular, the debtor in possession can use the property of the bankruptcy estate, including causes of action that came into the bankruptcy estate.

As to using property of the bankruptcy estate, the primary statute is § 363 of the Bankruptcy Code. It provides that the trustee can use, sell, or lease property of the bankruptcy estate. 11 U.S.C. § 1107, § 1108 & § 363. If the debtor's business

is authorized to be operated, the trustee need not give interested parties notice and an opportunity to object to transactions in the ordinary course of business. In all other situations, notice and an opportunity to object are required. 11 U.S.C. § 363(b) & § 102(1).

In a Chapter 12 case, there is a bankruptcy trustee, but the debtor is also the debtor in possession. 11 U.S.C. §§ 1202, 1203 & 1204. Chapter 12 tracks Chapter 11 in that it gives the Chapter 12 debtor in possession *all* the rights, powers, functions, and duties of a trustee subject to some limitations. 11 U.S.C. § 1204. The limitations, however, leave the Chapter 12 debtor with the right to use property of the bankruptcy estate. 11 U.S.C. §§ 1203, 1204, 1207(b) & 363. None of the limitations would prevent a Chapter 12 debtor in possession from bringing suit on a pre-bankruptcy cause of action that came into the bankruptcy estate.

Chapter 13 differs from Chapter 12 in two major respects. First, the Chapter 13 statutes do not specifically make the debtor a debtor in possession, and second, they do not grant the debtor *all* the rights, powers, functions, and duties of a trustee subject to some limitations. Instead, § 1303 provides that a Chapter 13 debtor has, *exclusive* of the trustee, the rights and powers of a trustee under § 363(b), § 363(d), § 363(e), § 363(f), and § 363(*l*). This includes the right to use property of the bankruptcy estate. 11 U.S.C. §§ 1303 & 363(b). These differences in wording open the way for the argument that a Chapter 13 debtor does not have the capacity to bring suit on a cause of action that came into the bankruptcy estate.

The argument also involves § 323 of the Bankruptcy Code. It provides that the trustee is the representative of the bankruptcy estate and has the capacity to sue. 11 U.S.C. § 323(a), (b). Under Chapter 11 or Chapter 12, the broad grant of the trustee's authority to the debtor in possession easily includes the trustee's capacity to sue, as set out in § 323(b). Since § 1303 grants the Chapter 13 debtor only the right to use property of the bankruptcy estate, one can argue that a Chapter 13 debtor does not have the trustee's capacity to bring suit.

The court disagrees with this argument. It results from a misunderstanding of the fundamental rules of bankruptcy law and the place of § 323 in those rules. This conclusion requires some explanation of the law before the Bankruptcy Code took effect.

The prior law did not provide for the debtor's property to vest in the bankruptcy estate. The property vested in the bankruptcy trustee. 11 U.S.C. § 110(a) (1978). The statute expressly vested the debtor's pre-bankruptcy causes of action in the bankruptcy trustee. 11 U.S.C. § 110(a)(5), (6) (1978). In cases in which a trustee was not elected or appointed, the property remained in the control of the debtor as debtor in possession, and the statutes established the authority of the debtor in possession by referring to the authority of a bankruptcy trustee. 6 James W. Moore, et al., *Collier on Bankruptcy* ¶¶ 7.05 & 8.10 (14th ed.1978) (Ch. X reorganization); 8 Robert R. Stephenson, et al., *Collier on Bankruptcy* ¶¶ 6.30–6.32 (14th ed.1978) (Ch. XI arrangement); 9 James W. Moore, et al., *Collier on Bankruptcy* ¶ 6.04 (14th ed.1978) (Ch. XII real property arrangement).

The Bankruptcy Code takes a slightly different approach. It vests the debtor's property in the bankruptcy estate and then uses other statutes to establish whether the trustee or debtor in possession is in charge of the property of the bankruptcy estate. Compared to the prior law, this system created a question. Since

no statute expressly vests the debtor's causes of action in the trustee, can the trustee bring suit? Section 323 was intended to remove any doubt regarding the trustee's capacity to bring suit on a cause of action that is property of the bankruptcy estate.

> While this section may be unnecessary, it is included to eliminate any doubt that the named officials have capacity in any court .... The section is intended to negate any adverse inference from the omission in the proposed Act of counterparts to clauses (5) and (6) of the present § 70a, with respect to the right of the trustee or other official representative of the estate to sue on causes of action belonging to the estate.

*Report of the Commission on Bankruptcy Laws of the United States,* Doc. No. 93–137, 93d Cong., 1st Sess., Part II § 4–304 at 83–84 (1973); *see also* § 4–601, note 2 at 149.

Section 323 does not establish the fundamental rules of bankruptcy law regarding the right to bring suit on a cause of action that came into the bankruptcy estate. Consider Chapters 7, 11 and 12. In a Chapter 7 case there will be a trustee, and the trustee will have control of the property of the bankruptcy estate. Chapter 11 and Chapter 12 presume that the debtor, as debtor in possession, will control the property of the bankruptcy estate. 11 U.S.C. §§ 1106, 1107 & 1108. The Bankruptcy Code creates a general rule: the bankruptcy trustee controls the property of the bankruptcy estate in Chapter 7 liquidation cases, but in Chapter 11 and Chapter 12 cases, the debtor controls the property unless a party in interest proves to the court a reason for putting a trustee in charge of the property. 11 U.S.C. §§ 1104, 1106–1108 & 1202–1204.

Moreover, the person given control of the property—the trustee in a Chapter 7 case and the debtor in possession in a Chapter 11 or 12 case—has the rights, powers, functions and duties that apply to property of the bankruptcy estate. These rights, powers, functions, and duties do not belong to the bankruptcy trustee in the abstract so that they must be delegated to the debtor in possession in a Chapter 11 or 12 case; they go along with the debtor's control of the property of the bankruptcy estate. The cross-reference in Chapter 11 and Chapter 12 to the rights, powers, functions and duties of a trustee was used for convenience in drafting. It does not clarify the operation of the statutes. Indeed, it appears to disguise the true effect of the law.

For the same reason, there is no need for the theory that a Chapter 11 or Chapter 12 debtor in possession can bring suit on a pre-bankruptcy cause of action only because § 1104 or § 1204 bestows the trustee's capacity under § 323(b). The underlying power to bring suit comes from two facts: (1) the cause of action is property of the bankruptcy estate, *and* (2) the debtor in possession has control of the property of the bankruptcy estate. 11 U.S.C. §§ 541(a) & 363. In a Chapter 7, 11, or 12 case, the right to bring suit belongs to whoever has control of the property of the bankruptcy estate. Section 323 merely prevents a challenge to the capacity of the trustee or the debtor in possession on the ground that the statutes do not expressly vest causes of action in the trustee.

Chapter 13 takes a different approach from Chapters 11 and 12. It does not provide that the debtor has *all* the rights, powers, functions, and duties of a bankruptcy trustee (with a few exceptions). Instead, it gives the debtor the right to use property of the bankruptcy estate to the exclusion of the bankruptcy trustee. 11 U.S.C. §§ 1303 & 363(b).

Does this allow the Chapter 13 debtor to bring suit on a cause of action that is in the bankruptcy estate? Yes. Indeed, by giving the debtor the exclusive right to use property of the bankruptcy estate, § 1303 suggests the trustee cannot bring suit. The court need not deal with the question of whether both the trustee and the debtor have the capacity to bring suit on a cause of action that came into the bankruptcy estate. The important point for the moment is that the debtor has the right to bring suit because the debtor has the right to use the property—the cause of action that came into the bankruptcy estate. *Beasley v. Personal Finance Corp.*, 279 B.R. 523 (S.D.Miss.2002); 1 Keith M. Lundin, *Chapter 13 Bankruptcy* § 54.1; *but see Davis v. Victor Warren Properties, Inc. (In re Davis)*, 216 B.R. 898 (Bankr. N.D.Ga.1997).[2] Chapter XIII of the prior law apparently provided for the opposite result. 11 James W. Moore, et al., *Collier on Bankruptcy* ¶ 25.10 at 185 & ¶ 26.01 (14th ed.1978). Nevertheless, Congress appears to have drafted § 1303 carefully to recognize the practicalities of Chapter 13 cases, especially the trustee's more limited role than in Chapter 7 liquidation cases.

■■■ Finally, the court must point out that the vesting of property in the bankruptcy estate does not necessarily determine who has control of the property. Possession, control (including the right to use), and vesting are different concepts. 11 U.S.C. §§ 521(4), 542, 543, 704(1), (2), 1207(b), 1227(b), 1306(b) & 1327(b). As to Chapters 7 and 11, the statutes provide that property of the bankruptcy estate is controlled by the person who has charge of administering the case—either the debtor in possession or the bankruptcy trustee.

Chapters 12 and 13 create more complex systems in which control and oversight of the property are divided between the debtor and the bankruptcy trustee or may be shared by them.

## ABSTENTION

■■■ Mandatory abstention requires a pending proceeding that can be timely adjudicated. 28 U.S.C. § 1334(c)(2). *Supreme Building Products, Inc. v. Equity Programmers, Inc. (In re Elliott)*, Adv. Proc. No. 97–1007, Bankr.Case No. 96–14804 (Bankr.E.D.Tenn. Sep. 10, 1997) (mandatory abstention requires existence of a pending state court action). Of course, this means a pending proceeding that can deal with the issue raised by the complaint—whether the foreclosure can be set aside under Georgia law.

Georgia law creates considerable doubt as to whether the debtors can raise the issue in the appeal now pending in superior court. If the debtors had filed an answer in the magistrate court and obtained a transfer of the proceeding to the superior court, they could have asserted a counterclaim to set aside the foreclosure. *Bellamy v. Federal Deposit Ins. Corp.*, 236 Ga.App. 747, 512 S.E.2d 671 (1999).

That may not be true for an appeal to the superior court. An appeal to the superior court is a *de novo* proceeding; it allows the parties to re-try the case. The issues may be expanded to include related issues that were not raised in the magistrate court. Ga.Code Ann. § 5–3–29; *Barmore v. Himebaugh*, 200 Ga.App. 868, 410 S.E.2d 46 (1991). Nevertheless, the Georgia cases raise some doubt as to whether the debtors could assert a counterclaim to set aside the foreclosure. In an appeal

**2.** Even if the court should try to decide this case as if it were pending in the Northern District of Georgia, the court would not be bound to follow a ruling by another bankruptcy judge. *In re McNichols*, 255 B.R. 857 (Bankr.N.D.Ill.2000); *In re Suburban Motor Freight*, 134 B.R. 617 (Bankr.S.D.Ohio 1991).

from the magistrate court, does the superior court have its usual jurisdiction or is it limited to the jurisdiction of the magistrate court.? Georgia cases suggest the superior court is limited to the magistrate court's jurisdiction. *Simmons v. Pilkenton*, 230 Ga.App. 900, 497 S.E.2d 613 (1998); *Handler v. Hulsey*, 199 Ga.App. 751, 406 S.E.2d 225 (1991). If so, the superior court does not have jurisdiction of the debtors' claim that the foreclosure should be set aside.

The superior court's jurisdiction may be even more limited when a case comes to it by way of certiorari from a default judgment instead of an appeal. Ga.Code Ann. § 5–4–12; *City of Atlanta v. Smith*, 228 Ga.App. 864, 493 S.E.2d 51 (1997).[3]

■ Thus, the court cannot take it for granted that there is a pending proceeding in which the debtors can try the question of whether the foreclosure can be set aside. The court also has no evidence as to whether the issue can be timely adjudicated in the pending appeal. The party requesting abstention has the burden of proof. *In re Taylor Agency, Inc.*, 281 B.R. 354 (Bankr.S.D.Ala.2001); *Brizzolara v. Fisher Pen Co.*, 158 B.R. 761 (Bankr. N.D.Ill.1993); *Star Hosiery, Inc. v. Baker Heritage, Inc. (In re Star Hosiery Inc.)*, Adv. Proc. No. 96–1250, Bankr.Case No. 96–14152 (Bankr.E.D.Tenn. May 1, 1997) (mandatory abstention is not based on lack of subject matter jurisdiction; abstention denied since there was no proof of a pending state court proceeding or that matter could be timely decided in state court).

■ As to discretionary abstention, the courts consider numerous factors, including:

(1) the effect of abstention on the administration of the bankruptcy case;

(2) the extent to which state law issues predominate over bankruptcy law issues;

(3) the difficulty or unsettled nature of the applicable law;

(4) the existence of a related proceeding in another court;

(5) whether there is a basis for federal jurisdiction other than bankruptcy;

(6) the degree to which the proceeding is related to the bankruptcy case;

(7) the substance, rather than the form, of an asserted core proceeding;

(8) the feasibility of severing state law claims so that they can be tried in the state court but with enforcement left to the bankruptcy court;

(9) the burden on the bankruptcy court's docket;

(10) the likelihood that commencement of the case in the bankruptcy court involves forum shopping;

(11) whether there is a right to a jury trial; and

(12) the presence in the proceeding of non-debtor parties other than the defendant.

*Beneficial National Bank v. Best Reception Systems, Inc. (In re Best Reception Systems, Inc.)*, 220 B.R. 932, 953 (Bankr. E.D.Tenn.1998).

■ The question of whether the foreclosure can be set aside appears to be governed entirely by Georgia law. Many Georgia cases deal with the question. 2 Daniel F. Hinkel, *Pindar's Georgia Real Estate Law and Procedure* §§ 20–67, 21–98, 21–100 (5th ed.1998). Indeed, the law

---

**3.** Both parties' briefs refer to the judgment of the magistrate court as a default judgment. Ga.Code Ann. § 15–10–41(b). The bank has not suggested that an ineffective appeal would somehow increase its rights; the decision by the magistrate court still does not bar the debtors from attempting to set aside the foreclosure.

should not be especially difficult or unsettled.

The court can separate the bankruptcy questions from the question under Georgia law of whether the foreclosure can be set aside. The bankruptcy questions regarding the debtors' plan will flow from a decision on the foreclosure question. In this proceeding, however, the focus of the feasibility inquiry should be on the need for a quick decision, preferably one that can be reached at the least cost to the parties.

In that regard, the debtors' attempt to set aside the foreclosure is a key element in the debtors' Chapter 13 case. The court has confirmed a plan that provides for the bank's secured claim as if the foreclosure will be set aside. The outcome of this proceeding will determine whether that plan can go forward. This adversary proceeding is not a dispute that can be allowed to linger for a long period of time while the debtors and the bank litigate either in this court or another court.

The court has already pointed out that the debtors may not be able to compel a decision on the foreclosure question in the appeal that is pending in the superior court. If not, the debtors may be required to bring a separate lawsuit in a different and more inconvenient court. *Peacock v. National Bank & Trust Co.*, 241 Ga. 280, 244 S.E.2d 816 (1978). This could increase the time needed for a decision and impose costs the debtors might avoid by trying the question in this court.

The bank contends that this is a related proceeding instead of a core proceeding. 28 U.S.C. § 157(b). The court agrees. *Smith v. Commercial Banking Corp. (In re Smith)*, 866 F.2d 576 (3d Cir.1989); *Rosner v. Worcester (In re Worcester)*, 811 F.2d 1224 (9th Cir.1987); *see also Fairbanks Steam Shovel Co. v. Wills (In re Federal Contracting Co.)* 212 F. 688 (7th Cir.1914) (plenary proceeding).

This conclusion raises the possibility of delay in this court while the district court reviews proposed findings of fact and conclusions of law. 28 U.S.C. § 157(c); Fed. R. Bankr.P. 9033. The bank has control over whether review by the district court is required. 28 U.S.C. § 157(c)(2); Fed. R. Bankr.P. 7012(b). Based on the evidence, the court cannot say the potential delay in this court outweighs both the potential delay in the Georgia state courts and the possibility that the debtors will be required to bring a new lawsuit in another part of the state.

The court does not view the debtors' Chapter 13 filing as forum shopping. Debtors often file Chapter 13 cases as the only possible method for keeping their homes after default on the secured debts. In the usual Chapter 13 case, the secured creditor has not foreclosed. The debtors may have filed this Chapter 13 case for the additional purpose of stopping the foreclosure from becoming final to the point that it could not be set aside under Georgia law. The Chapter 13 filing may not have been absolutely necessary for that purpose because a judgment for the bank in the dispossessory proceeding probably could not have prevented the debtors from bringing a separate, later suit to set aside the foreclosure. Thus, the only other effect of filing the Chapter 13 case after foreclosure was to keep the debtors in possession of the property. Furthermore, the evidence does not show that the debtors, if they have the foreclosure set aside, will not need a Chapter 13 case to cure the defaults and keep their home. The lack of such evidence forecloses the conclusion that the debtors filed the Chapter 13 primarily for convenience rather than necessity. The facts also do not suggest that the debtors' filing of the bankruptcy case

in Tennessee amounted to forum shopping for this adversary proceeding.

■ The apparent absence of any basis for federal jurisdiction, other than the debtors' bankruptcy, does not weigh heavily in favor of abstention. A related proceeding may still be a key part of a bankruptcy case, and that is doubtlessly true of this adversary proceeding.

Under Georgia law, juries regularly decide the question of whether a foreclosure can be set aside. *See, e.g., Curl v. First Federal Savings and Loan Assoc.*, 243 Ga. 842, 257 S.E.2d 264 (1979); *Ray v. Atkins*, 205 Ga.App. 85, 421 S.E.2d 317 (1992). The exercise of bankruptcy jurisdiction over the debtors' attempt to set aside the foreclosure will not necessarily deprive the parties of a jury trial. 28 U.S.C. § 157(c)–(e); Fed. R. Bankr.P. 9015. Even if it does deprive the parties of both the right and the ability to have a jury trial, that fact by itself does not outweigh the facts that favor keeping the proceeding in this court.

The court concludes that discretionary abstention is not in the best interest of the debtors or the bank.

### FAILURE TO STATE A CLAIM

■ The bank also asserts that the complaint fails to state a claim upon which relief can be granted. Fed. R. Bankr.P. 7012(b); Fed.R.Civ.P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. The question is whether the complaint includes the allegations needed to make out a claim. The court must view the complaint in the light most favorable to the plaintiff. *Smith v. Computer Credit, Inc.*, 167 F.3d 1052 (6th Cir.1999). The court need not go into the details of the bank's argument. The allegations in the debtors' complaint are similar enough to those in *Coffey Enterprises* that the debtors may be able to recover, depending on the evidence presented.

*Coffey Enterprises Realty & Development Co. v. Holmes*, 233 Ga. 937, 213 S.E.2d 882 (1975).

### DISTRICT COURT REVIEW

■ The court has determined that this is a related proceeding instead of a core proceeding. Nevertheless, the court need not send this memorandum opinion and the accompanying order to the district court for *de novo* review. Denying a motion to dismiss is not a dispositive ruling for which *de novo* review is required. *Marshall v. City of Atlanta*, 195 B.R. 156 (N.D.Ga.1996);*Vista Metals Corp. v. Metal Brokers International, Inc.*, 161 B.R. 454 (E.D.Wis.1993); *Quality Care Medical Equipment Co. v. Bowen (In re Quality Care Medical Equipment Co.)*, 92 B.R. 117 (E.D.Pa.1988); *Blackwell v. Deloitte & Touche, LLP (In re I.G. Services, Ltd.)*, 279 B.R. 818 (Bankr.W.D.Tex.2002).

### CONCLUSION

For the reasons stated above, the motion to dismiss filed on behalf of Bank of America shall be DENIED.

This Memorandum constitutes findings of fact and conclusions of law as required by *Fed. R. Bankr.P.* 7052.