A03A1819. GILES v. VASTAKIS.
(585 SE2d 905)

ELDRIDGE, Judge.

We granted appellant-defendant Tommy Hugh Giles' application for discretionary appeal to consider whether the Superior Court of Baldwin County erred in denying his motion to set aside judgment for lack of subject matter jurisdiction, the law of the case rule, and the doctrine of res judicata upon our dismissal of the underlying dispossessory action.

This case began as a dispossessory warrant in the Magistrate Court of Baldwin County. Dissatisfied with the judgment entered against him, appellee-plaintiff Michael D. Vastakis sought de novo review in the superior court. During the pendency of the appeal, Vastakis amended his appeal to add claims for declaratory and injunctive relief. Over Giles' objection, the superior court tried such additional claims, granting Vastakis declaratory and injunctive relief by its amended judgment.[1] Thereafter, we dismissed Giles' direct appeal from the amended judgment of the superior court for failure to comply with the discretionary appeal requirements of OCGA § 5-6-35 (a), thus depriving this Court of jurisdiction to consider the appeal. Subsequently, Giles filed the complained-of motion to set aside judgment in the superior court under OCGA § 9-11-60 (d). On discretionary appeal from the denial of his motion to set aside judgment, Giles renews the claim that the amended judgment of the superior court should be set aside as void for lack of subject matter jurisdiction. And, pointing to our dismissal of the direct appeal, Giles further claims that the law of the case rule and the related doctrine of res judicata do not lie to require the denial of his motion. These claims as meritorious, we reverse.

Appeals de novo to the state or superior court of the county lie from judgments returned from the county magistrate court. OCGA § 15-10-41 (b) (1). Such an appeal "brings up the whole record from the [lower] court below; and all competent evidence shall be admissible on the trial thereof, whether adduced on a former trial or not. Either party is entitled to be heard on the whole merits of the case." OCGA § 5-3-29. "[A]ll competent evidence must be admitted on de novo appeal to the superior court regardless of whether it concerned new issues." *Barmore v. Himebaugh*, 200 Ga. App. 868 (410 SE2d 46) (1991), citing *Lee v. Wainwright*, 256 Ga. 478, 479 (350 SE2d 238) (1986). "However, the state and superior courts, on de novo appeals, have only the jurisdiction possessed by the magistrate court." *Jr. Mills Constr. v. Trichinotis*, 223 Ga. App. 19, 21 (477 SE2d 141) (1996); *Goodman v. Little*, 213 Ga. 178, 179 (97 SE2d 567) (1957); *Knowles v. Knowles*, 125 Ga. App. 642, 645 (1) (188 SE2d 800) (1972). Moreover, Giles correctly contends that magistrate court jurisdiction

---

[1] Pertinently, the superior court declared that the lease agreement of the parties obligated Giles to pay any tax increase as to Lot 26 of the rental property; that another portion of the rental property was not inclusive of a barbecue structure belonging to a third party; and that Giles had 60 days to disconnect the sewage line running from toilet facilities Giles installed on Lot 26 to a septic tank which supported a building located on adjacent rental property. Among other things, the amended judgment of the superior court otherwise ordered Giles to pay rent arrearages totaling $8,000, tax increases as attributable to Lot 26, and relieved him of the responsibility to trace money orders he testified had been mailed to Vastakis.

is not inclusive of declaratory judgment and injunctive relief authority, the same as within the exclusive jurisdiction of the superior courts. OCGA § 9-4-2; Constitution of Georgia 1983, Art. VI, Sec. I, Par. IV. Pertinently, a magistrate court has jurisdiction over "civil claims including garnishment and attachment in which exclusive jurisdiction is *not vested* in the superior court." (Emphasis supplied.) OCGA § 15-10-2 (5).

Importantly, the superior court here was not sitting as a court of original jurisdiction, but as an appellate court. "Thus, [Vastakis'] amendment[s] could not serve to invoke the superior court's [declaratory judgment] jurisdiction, since the superior court as an appellate court . . . has only the jurisdiction of the [magistrate] court . . . , which has no [declaratory] powers in such a case." (Citation and punctuation omitted.) *Yancey v. Hall*, 265 Ga. 466, 468 (1) (458 SE2d 121) (1995); accord *Jr. Mills Constr. v. Trichinotis*, supra. And "[w]hen a case is on appeal [in the superior court], any amendment whether in . . . form or substance may be made which could have been made while the case was in the primary court." (Citation and punctuation omitted.) *Handler v. Hulsey*, 199 Ga. App. 751, 752 (406 SE2d 225) (1991); accord *Reynolds v. Neal*, 91 Ga. 609, 614 (1) (18 SE 530) (1893); *Wofford v. Vandiver*, 72 Ga. App. 623, 627 (34 SE2d 579) (1945). There is no reason that the corollary should not be true, that is, an amendment which cannot be made in the primary court cannot be made in the state or superior court when sitting as an appellate court.

We are mindful of Georgia's liberal amendment policy. OCGA § 9-11-15; *Khawaja v. Lane Co.*, 239 Ga. App. 93, 94 (1) (520 SE2d 1) (1999). An amendment germane to the original cause of action should be allowed. *McRae v. Britton*, 144 Ga. App. 340, 346 (2) (240 SE2d 904) (1977). However, this is not a case in which the amendments in issue are germane, such amendments as seeking to expand the jurisdiction of the superior court sitting as an appellate court on appeal from the magistrate court. *Yancey v. Hall*, supra. Neither could such amendments have been made in the magistrate court as not germane in that forum for want of jurisdiction over matters exclusively within the jurisdiction of the superior court. OCGA § 9-4-2; Constitution of Georgia 1983, Art. VI, Sec. I, Par. IV. Amendments not proper in the magistrate court are not proper in the superior court when acting as an appellate court. *Handler v. Hulsey*, supra. It follows that the superior court erred in granting Vastakis declaratory and injunctive relief by its amended judgment.

The question which remains is whether the denial of Giles' motion to set aside the amended judgment of the superior court might be salvaged as incident to the law of the case rule and the

operation of res judicata doctrine. We are satisfied that these should not control the outcome in this case.

> Although OCGA § 9-11-60 (a) allows a judgment void on its face to be attacked in any court, the application of that principle is limited by the law of the case rule, which provides that "any *ruling* by the Supreme Court or the Court of Appeals *in* a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." OCGA § 9-11-60 (h).

(Emphasis supplied.) *Henderson v. Justice*, 237 Ga. App. 284, 288 (514 SE2d 713) (1999). "An exception to this rule exists where the evidentiary posture of the case changes after remand by the appellate court. [Cit.]" *Ovrevik v. Ovrevik*, 254 Ga. App. 756, 759-760 (2) (a) (564 SE2d 8) (2002). Clearly, our order dismissing Giles' direct appeal reached no issue "in," i.e., on the merits, Vastakis' dispossessory action. Dismissal resulting from the failure to file the same as a discretionary appeal under OCGA § 5-6-35 (a), by definition, foreclosed *any* consideration of the appeal for lack of appellate jurisdiction to do so. Accordingly, neither the law of the case rule nor the res judicata doctrine lies in this case. This as so and the superior court's amended judgment on appeal from the magistrate court as void for lack of subject matter jurisdiction, the superior court erred in refusing to grant Giles' motion to set aside judgment. We therefore must reverse.

*Judgment reversed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JULY 22, 2003.

*Martin L. Fierman*, for appellant.
*Reginald L. Bellury*, for appellee.

